■ CARL WEINER, Respondent, v ANESTHESIA ASSOCIATES OF WESTERN SUFFOLK, P. C., Appellant, et al., Defendants. [610 NYS2d 606] —In an action, *inter alia,* for a judgment declaring that there was no justifiable cause for the defendant Anesthesia Associates of Western Suffolk, P. C., to terminate the plaintiff's employment, Anesthesia Associates of Western Suffolk, P. C., appeals from an order of the Supreme Court, Suffolk County (Cannavo, J.), dated September 18, 1991, which granted the plaintiff's motion for a preliminary injunction, and denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion is denied, the cross motion of the defendant Anesthesia Associates of Western Suffolk, P. C., is granted, the complaint is dismissed insofar as asserted against that defendant, and the matter is remitted to the Supreme Court, Suffolk County, for entry of a judgment declaring that there was justifiable cause for the defendant Anesthesia Associates of Western Suffolk, P. C., to terminate the plaintiff's employment.

It is well settled that the interpretation of a written agreement is within the province of the court and, if the language of the agreement is free from ambiguity, its meaning may be determined as a matter of law on the basis of the writing alone without resort to extrinsic evidence *(see, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285; *see also, Penguin 3rd Ave. Food Corp. v Brook-Rock Assocs.,* 174 AD2d 714, 715). However, where, as here, a court determines that the terms of the agreement are ambiguous and the intent of

the parties becomes a matter of inquiry, parol evidence is permitted to determine that intent. However, even where the contractual interpretation is at issue, a party may not defeat a motion for summary judgment by merely alleging that the contract is ambiguous. The party opposing summary judgment must also set forth the extrinsic evidence, in evidentiary form, upon which it relies to support the construction it urges *(see, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., supra,* at 291; *see also, Penguin 3rd Ave. Food Corp. v Brook-Rock Assocs., supra,* at 715; *Posh Pillows v Hawes,* 138 AD2d 472). Here, the plaintiff has failed to tender any extrinsic evidence to support his argument. In the absence of such evidence, summary judgment should have been grated to Anesthesia Associates of Western Suffolk, P. C. Thompson, J. P., Copertino, Pizzuto and Santucci, JJ., concur.