■ NATIONAL LOAN INVESTORS L.P., Respondent, v FIRST EQUITIES CORP. et al., Defendants, and LEHMAN BROTHERS, INC., et al., Appellants. [690 NYS2d 646] —In an action to recover money due on a promissory note and related guaranty, the defendants Lehman Brothers, Inc., Lehman Brothers Holdings, Inc., Travelers Corp., Smith Barney, Inc., and Spring Meadows Associates, Ltd., appeal from so much of an order of the Supreme Court, Westchester County (Rosato, J.), entered March 10, 1998, as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The record reveals that the loan documents in question clearly and unequivocally preclude any recovery against the appellants. Specifically, the promissory note provided that the borrower would not be personally liable for the debt in the event of a default, and that the lender's sole remedy would be to proceed against the collateral. Similarly, the corporate guaranty was expressly limited to the payment of monthly interest on the loan prior to its maturity date, and to the taxes and insurance on the property that served as collateral. Thus, the borrower, the corporate guarantor, and their successors-in-interest were not liable for either the principal indebtedness or the interest that accrued after the default.

The loan documents provided that they would be governed by Georgia law. In Georgia, as in New York, summary judgment may be granted where, as here, the contract is clear and unambiguous on its face, or where the ambiguity can be resolved without resort to extrinsic evidence (see, Sim's Crane Serv. v Reliance Ins. Co., 514 F Supp 1033, 1036, affd 667 F2d 30 [11th Cir 1982] [construing Ga law]; cf., Hartford Acc. & Indem. Co. v Wesolowski, 33 NY2d 169, 172). Contrary to the

plaintiff's contention, there are no genuine issues of material fact, and the appellants' cross motion for summary judgment dismissing the complaint insofar as asserted against them must be granted. Bracken, J. P., Santucci, McGinity and Feuerstein, JJ., concur.