■ UNION STATE BANK, Appellant-Respondent, v STPT REALTY, INC., et al., Respondents-Appellants. [697 NYS2d 115] —In a consolidated action to recover upon promissory notes and a letter of credit, the plaintiff, Union State Bank, appeals from so much of a judgment of the Supreme Court, Rockland County (Rudolph, J.), dated November 21, 1997, as, after a nonjury trial, dismissed the cause of action to recover upon the letter of credit, calculated accrued interest, and awarded an attorney's fee, and the defendants STPT Realty, Inc., Melvin R. Smith, and Theodore David Smith as conservator for the property of

Melvin R. Smith, cross-appeal, as limited by their brief, from so much of the same judgment as is in favor of the plaintiff and against them in the principal sum of $500,000.

Ordered that the judgment is modified on the law, by (1) deleting the second decretal paragraph thereof dismissing the plaintiff's cause of action to recover upon a letter of credit, and substituting therefor a provision granting judgment on that cause of action in favor of the plaintiff and against the defendants in the principal sum of $50,000, and (2) deleting the eighth decretal paragraph thereof awarding the plaintiff an attorney's fee in the sum of $27,500 and substituting therefor provisions awarding the plaintiff an attorney's fee in the sum of 20% of the amounts awarded under each cause of action, with interest, and the amount of the costs and disbursements incurred by the plaintiff to prosecute this consolidated action in accordance with the terms of the parties' contract; as so modified, the judgment is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Rockland County, for a recalculation of the sums due to the plaintiff and the entry of an appropriate amended judgment.

The plaintiff Union State Bank (hereinafter the bank) paid the Town of Stony Point $50,000 as required under the terms of the standby letter of credit it issued at the request of the defendant STPT Realty, Inc. (hereinafter STPT). Under the terms of the agreement providing for the letter of credit, STPT was required to pay to the bank any moneys dispersed pursuant to the letter of credit, together with interest and certain costs. Therefore, the bank is entitled to recover that amount from STPT, and from the defendant Melvin R. Smith, based upon his written guaranty to the plaintiff.

There is no merit to the defendants' claim that the standby letter of credit was not properly renewed (see, Matter of Reuters Ltd. v Dow Jones Telerate, 231 AD2d 337; Mennen v J. P. Morgan & Co., 229 AD2d 237, 240; B.E.I. Intl. v Thai Military Bank, 978 F2d 440, 442-443; National Sur. Corp. v Midland Bank, 551 F2d 21, 23; see also, 4 Haig, Commercial Litigation in New York State Courts, § 54.4 [a] [2]). Further, the personal guaranty sued upon provided, inter alia, for the payment of an attorney's fee in the amount of 20% of the moneys owed and the costs incurred to collect the same. The plaintiff is therefore entitled to an award of an attorney's fee that is based upon all of the moneys owed, including the money which was being held in escrow but was ultimately awarded to the plaintiff as a result of this litigation. We see no reason to upset the determination of the Supreme Court that an attorney's fee of 20% of

those moneys is proper in this matter (*see, Matter of Schwartz,* 235 AD2d 482; *Clifford v Pierce,* 214 AD2d 697).

The defendants' remaining contentions are without merit. Bracken, J. P., Sullivan, Friedmann and Florio, JJ., concur.