■ SCAVENGER, INC., Appellant, v GT INTERACTIVE SOFTWARE CORP., Respondent. SCAVENGER, INC., Respondent, v GT INTERACTIVE SOFTWARE CORP., Appellant. SCAVENGER, INC., Appellant, v GT INTERACTIVE SOFTWARE CORP., Respondent. [734 NYS2d 141] —Order, Supreme Court, New York County (Barry Cozier, J.), entered September 8, 2000, which granted defendant's motion for reargument of a prior motion for summary judgment, and on reargument, dismissed plaintiff's fourth cause of action; order, same court and Justice, entered December 19, 2000, which, to the extent appealed from, granted plaintiff partial summary judgment dismissing defendant's first counterclaim in part and its third counterclaim in full; order, same court and Justice, entered January 8, 2001, which granted defendant summary judgment dismissing plaintiff's second cause of action and denied plaintiff's cross motion for partial summary judgment on that cause of action; and order, same court (Karla Moskowitz, J.), entered July 5, 2001, which, to the extent appealed from, denied plaintiff's motion for renewal of the prior motion and cross motion as to its second cause of action, unanimously affirmed, without costs.

We have already held that the subject agreement is divisible as to the four subject CD-ROM games and granted plaintiff judgment on its claims for guaranteed advance payments against royalties for the first and second games (*see, Scavenger, Inc. v GT Interactive Software*, 273 AD2d 60, *lv denied* 96 NY2d 701). The motion court, however, properly granted summary judgment dismissing plaintiff's cause of action for consequential damages. On the facts of this case, where the breach of contract was a failure to pay money, plaintiff should

be limited to a recovery of the contract amounts plus appropriate interest (*see, Meinrath v Singer Co.*, 87 FRD 422, 426). In any event, plaintiff has failed to raise any triable issue as to whether defendant, at the time it contracted with plaintiff, knew or should have known that, in the event of its breach, it would be answerable in damages for any consequent failure of plaintiff as an entity (*see, Goodstein Constr. Corp. v City of New York*, 80 NY2d 366, 375).

The motion court properly ruled that defendant cannot, on its counterclaim for breach of contract, recoup any part of the guaranteed payments already made since those payments are, by the plain terms of the agreement at issue, non-refundable (*see, W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 163). In addition, since the matters here in dispute are governed by an express contract, defendant's counterclaim for unjust enrichment was properly found untenable (*see, G & G Invs. v Revlon Consumer Prods. Corp.*, 283 AD2d 253). In any event, we agree with the motion court that there is no inequity in plaintiff's retention of guaranteed payments pursuant to a judgment affirmed by this Court (*see, Scavenger v GT Interactive, supra*).

Plaintiff's demand for the guaranteed post-delivery payments for the third and fourth game, on the other hand, was properly rejected, since those games were never delivered. In this connection, plaintiff's claim, based on the letter in January of 1997, that its performance under the contracts at issue was excused by defendant's anticipatory repudiation of said contracts fails, because the letter included an opportunity to cure and was therefore not an unequivocal repudiation (*cf., Brum Realty v Takeda*, 205 AD2d 365, 367). Further, the denial of renewal by the newly assigned replacement IAS Justice was proper since the purportedly new material, in the form offered, had little or no evidentiary value (*see, Hurst v Hilgenfeldt*, 189 AD2d 855, 856).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Sullivan, P. J., Nardelli, Andrias, Rubin and Saxe, JJ.