■ CANALI U.S.A., INC., Respondent, v SOLOW BUILDING COMPANY, L.L.C., Appellant. [739 NYS2d 362] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered June 27, 2001, which, insofar as appealed from, granted plaintiff tenant's motion for partial summary judgment on the issue of defendant's liability for breach of a commercial lease, unanimously affirmed, with costs.

The parties amended their long-standing lease to provide for the tenant's renting of a different and "unimproved" space in the same building. The term for this new space was to "commence on the tenth (10th) day after the date when Landlord gives Tenant written notice that Landlord has theretofore performed the Additional Premises Work (hereinafter defined)," this being the "Additional Premises Lease Commencement Date." The clause defining the Additional Premises Work required the landlord to make certain specified improvements and to commence the lease term of the premises "[p]rior to or on the Additional Premises Lease Commencement Date." The landlord gave the tenant notice that the Additional Premises Work was "substantially completed"; the tenant responded that the work was not completed in certain respects; and the landlord leased the premises to someone else. The landlord claims that the tenant's refusal to acknowledge performance of the Additional Premises Work and take possession of the premises was based on an untenable interpretation of the lease that constituted an anticipatory breach and entitled the landlord to rent the premises to a third party. According to the landlord, since the lease obligated it to complete the work "prior to or on" the Additional Premises Lease Commencement Date, it could complete any unfinished Additional Premises Work

during the 10-day period between its giving of notice that the Additional Premises Work had been performed and the Additional Premises Lease Commencement Date. However, this argument does not give appropriate weight to the clause defining the Additional Premises Lease Commencement Date, and that the tenant's interpretation of the lease as requiring that the work be completed, not just substantially performed, 10 days before its commencement, is not only tenable but had also been earlier communicated to the landlord without objection. The tenant, whose rejection of the landlord's performance notice requested that the landlord complete the work, and who later offered to settle the dispute by agreeing to a lease commencement retroactive to the date that the work was completed, otherwise gave no indication of an intent to forgo its obligations, let alone the sort of "definite and final communication" necessary to justify a claim of anticipatory breach (*Rachmani Corp. v 9 E. 96th St. Apt. Corp.*, 211 AD2d 262, 267; *see, Scavenger, Inc. v GT Interactive Software Corp.*, 289 AD2d 58; *compare, IBM Credit Fin. Corp. v Mazda Motor Mfg. [USA] Corp.*, 92 NY2d 989, *affg* 245 AD2d 78, *affg* 170 Misc 2d 15). On the contrary, the tenant's numerous unanswered letters to the landlord manifested a desire to perform. Indeed, so did the landlord, who, even after the claimed anticipatory breach, treated the lease as subsisting by undertaking to complete the Additional Premises Work, continuing to send bills for the new space and accepting the tenant's plans and applications for renovations that the tenant wanted to do itself (*see, Strasbourger v Leerburger*, 233 NY 55, 59). Concur—Andrias, J.P., Saxe, Rosenberger, Wallach and Buckley, JJ.