◼ ELLEN FETNER, Respondent, v MARTIN FETNER, Appellant. [741 NYS2d 256] —In a matrimonial action in which the parties were divorced by a judgment dated January 30, 1998, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Skelos, J.), dated December 4, 2000, as, upon granting reargument of the plaintiff's prior motion regarding life insurance, adhered to the prior determination in an order of the same court (Kohn, J.), dated June 10, 1999, directing him to maintain life insurance in favor of the plaintiff, and directed him to obtain a life insurance policy in an amount not less than $245,000 naming the plaintiff wife as sole beneficiary, or in the event he was unable to do so, providing that the plaintiff would be awarded a judgment in her favor and against him in the principal amount of $245,000.

Ordered that the order is modified, on the law, by deleting the provision thereof which provided that, under certain circumstances, the plaintiff would be awarded a judgment against the defendant in the principal sum of $245,000; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

"A separation agreement entered into by the parties in a divorce proceeding constitutes a contract between them which will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability" (*Gagstetter v Gagstetter,* 283 AD2d 393, 395; *see Wilson v Neppell,* 253 AD2d 493, 494). The interpretation of a contract is a matter of law for the court (*see 805 Third Ave. Co. v M.W. Realty Assoc.,* 58 NY2d 447, 451). Whether a contract is clear or ambiguous is for the court to determine as a matter of law (*see WWW Assoc. v Giancontieri,* 77 NY2d 157, 162). "[W]hen interpreting a contract, the court should arrive at a construction which will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (*Joseph v Creek & Pines,* 217 AD2d 534, 535; *Partrick v Guarniere,*

204 AD2d 702, 704). Where the intention of the parties is clearly and unambiguously set forth, effect must be given to the intent as indicated by the language used (*see Slatt v Slatt,* 64 NY2d 966, 967; *Morlee Sales Corp. v Manufacturers Trust Co.,* 9 NY2d 16, 19). Finally, where the contract is clear and unambiguous on its face, the intent of the parties must be gleaned from within the four corners of the instrument (*see Nichols v Nichols,* 306 NY 490, 496).

Here, pursuant to the terms of article XXIV of the parties' separation agreement, the defendant was required to continue to pay and be responsible for the respective premiums and take all necessary steps to keep three specific life insurance policies in full force and effect. By the terms of article VI of the separation agreement, the parties agreed to waive any right they may have had to share in each other's estate, thereby renouncing any benefit payable upon each other's death by virtue of any pension, profit sharing, annuity, or life insurance policies owned by each. Thus, the Supreme Court correctly determined that pursuant to the terms of the separation agreement, the parties' clear intent was that the defendant provide the plaintiff with the proceeds from the three specified life insurance policies regardless of her relinquishment of the right to collect on any other policies that may have existed at the time of the agreement or might be purchased by the defendant subsequent thereto. Accordingly, the separation agreement was neither inconsistent nor ambiguous, and the clear intent of the parties was gleaned from within its four corners. Therefore, since the three policies mentioned in the separation agreement either lapsed or were replaced with policies with different beneficiaries, the Supreme Court properly directed the defendant to obtain a life insurance policy in an amount not less than $245,000 naming the plaintiff as sole beneficiary. However, the trial court erred in providing that, in the event the defendant was unable to obtain the life insurance policy, a money judgment in favor of the plaintiff and against him in the principal amount of $245,000 would be granted, since the separation agreement does not so provide.

The defendant's remaining contentions are without merit. Krausman, J.P., McGinity, H. Miller and Adams, JJ., concur.