■ DAVID M. SPINDEL et al., Appellants, v SHOR & ASSOCIATES, INC., et al., Respondents. [746 NYS2d 301]

No fair interpretation of the evidence supports the trial court's finding that plaintiffs sold 40 images to third persons during the period that the licensing agreement was in effect at a price of $2,500 each, and that defendants were damaged by this breach of the agreement's exclusivity provision in the amount of $100,000. At most, the record shows only that plaintiffs created images during the life of the agreement that they attempted to sell to third persons, and, if this be sufficient to establish a breach of contract, it is not sufficient to establish the damages, if any, caused thereby (*see, Kenford Co. v County of Erie,* 67 NY2d 257, 261). Accordingly, we vacate the $100,000 awarded as consequential damages. Nor should defendants be able to recoup their payments of $10,000 made upon signing of the contract and $5,000 made six months later. These payments were in the nature of a guaranteed minimum royalty that plaintiffs are entitled to retain, notwithstanding the provision in the agreement that such payments were to be credited against future royalties and the fact that the royalties actually generated by the sales of plaintiffs' images were substantially lower (*see, Carter v Bradlee,* 245 App Div 49, 52, *affd* 269 NY 664; *Scavenger, Inc. v GT Interactive Software Corp.,* 289 AD2d 58, 59). In addition, defendants' claim that they are entitled to reduce this guaranteed royalty by the amount they spent for a trip that plaintiffs took months before the agreement was signed lacks support in the agreement, and evidence of any such understanding is barred by the parol evidence rule. However, defendants are entitled to return of a duplicative $10,000 payment they made prior to the signing of the agreement as an advance against the $10,000 that was to be paid upon signing. Inasmuch as plaintiffs received $21,142, but are entitled to only $14,000, consisting of the $10,000 and $5,000 guaranteed minimum royalty payments minus the $1,000 indebtedness that plaintiffs acknowledged in the agreement, we modify so as to award defendants $7,142. Concerning attorneys' fees, which, under the agreement, are to be awarded the "prevailing party" in litigation involving the agreement, we find that defendants did prevail on their counterclaims, and that the court properly awarded attorneys' fees. Concur—Tom, J.P., Mazzarelli, Buckley, Lerner and Gonzalez, JJ.