■ GLORIA HINDES, Appellant, v STANLEY WEISZ et al., Respondents. [756 NYS2d 601] —In an action to recover damages for breach of a settlement agreement, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated January 22, 2002, as denied her motion for summary judgment seeking a money judgment on the first cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

The parties herein were partners in MSG Associates (hereinafter MSG), which owned and operated commercial real property. On December 15, 1999, the parties executed a settlement agreement (hereinafter the agreement) in which the defendants agreed to pay the plaintiff $550,000 for her interest in MSG so that MSG could sell certain real property to nonparty purchaser Calco Development, Ltd. (hereinafter Calco). Under paragraph 5 of the agreement, it was agreed that should the closing costs for the real estate sale total less than $497,000, the plaintiff would receive 25% of the difference between the sum of $497,000 and MSG's actual closing costs. By contrast, if the closing costs exceeded $497,000, the plaintiff would not be entitled to any additional payments.

The $497,000 sum was presented to the plaintiff with the following allocable line item expenses: real estate taxes of

$232,000; tenants' security deposits required to be adjusted and paid to the purchaser in the sum of $75,000; and payments to third-party trade creditors in the sum of $55,000. The direct closing expenses totaled $100,000 and included real estate transfer taxes, costs of recording the satisfaction of mortgage, and legal fees no more than $35,000. In addition, "John Corcoran" was allocated a total of $35,000.

Following the agreement, MSG asserted that its closing costs totaled $503,385.70. The costs included real estate taxes in the sum of $239,184.30; tenants' security in the amount of $78,091.10 with $1,800 returned to Giant Industrial Installation (hereinafter Giant Industrial) for a total of $79,891.10; payments to trade creditors in the sum of $34,647.30; payments to "John Corcoran" in the sum of $35,000; direct closing costs of State Bank in the amount of $30,688 that included a mortgage tax payment of $18,333; legal fees in the sum of $35,000; an environmental closing statement payment from MSG to Deer Park Technology on behalf of Calco in the sum of $47,500; and an environmental closing statement payment to the New York State Department of Health (hereinafter NYS-DOH) in the sum of $1,475.

Based upon these calculations, the defendants claimed that the plaintiff was not entitled to further sums under the agreement. As a result, the plaintiff commenced this action, alleging that the closing costs claimed by the defendant were overstated because the costs exceeded the parameters of the itemized costs permitted and included in paragraph 5 of the agreement.

In support of her motion for summary judgment, the plaintiff argued that paragraph 5 of the agreement did not include the following closing costs: the mortgage tax in the amount of $18,333; Calco's environmental adjustment credit of $47,500; the $1,475 paid to the NYSDOH; and the repayment of the security deposit in the amount of $1,800 to Giant Industrial which was not a party under the sale. Thus, the actual closing costs were $434,277.70, of which she was entitled to 25% of the difference between that sum and $497,000 under the agreement.

When considering summary judgment, the construction and interpretation of an unambiguous written contract is an issue of law within the province of the court, as is the inquiry of whether the writing is ambiguous in the first instance (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157 [1990]; *National Loan Invs. v First Equities Corp.*, 261 AD2d 518 [1999]). If the language is free from ambiguity, its meaning may be deter-

mined as a matter of law on the basis of the writing alone without resort to extrinsic evidence (*see Weiner v Anesthesia Assoc. of W. Suffolk,* 203 AD2d 454 [1994]). Thus, the objective is to determine the parties' intention as derived from the language employed in the contract (*see Chimart Assoc. v Paul,* 66 NY2d 570 [1986]).

Here, it is clear under paragraph 5 of the settlement agreement that closing costs did not include payment of Calco's mortgage tax, the environmental credit given to Calco, the payment to the NYSDOH, or the payment of tenants' security to Giant Industrial. Contrary to the defendants' contentions, there are no genuine issues of material fact and the plaintiff's motion for summary judgment should have been granted.

We remit the matter to the Supreme Court, Suffolk County, to calculate the amount due to the plaintiff under the agreement, with interest. Santucci, J.P., Friedmann, Luciano and Rivera, JJ., concur.