■ STERLING NATIONAL BANK, Appellant, v ISRAEL DISCOUNT BANK OF NEW YORK, Respondent. STERLING NATIONAL BANK,

Appellant, v MERCHANTS BANK OF NEW YORK, Respondent. [762 NYS2d 584] —Order, Supreme Court, New York County (Charles Ramos, J.), entered March 14, 2002, which, inter alia, granted the motion of defendant Israel Discount Bank for summary judgment dismissing the complaint against it, granted the cross motion of defendant The Merchants Bank of New York for summary judgment dismissing the complaint to the extent of dismissing the first, second and third causes of action, denied Sterling's motion for summary judgment dismissing The Merchants Bank of New York's counterclaims insofar as the motion sought dismissal of The Merchants Bank's second, third, fourth and fifth counterclaims, and denied Sterling's cross motion for summary judgment dismissing the counterclaims of Israel Discount Bank of New York (IDB), except insofar as to dismiss IDB's claim for punitive damages, unanimously affirmed, with costs.

These are separate actions consolidated for consideration of motions involving the same plaintiff and issues. Insofar as is here relevant, the three participation agreements at issue are identical. Each defendant purchased a 100% participation interest in loans made by Sterling to nonparty David Schick, Sterling's second-largest customer. IDB paid $1 million on Sterling's loan to Schick of the same amount, while Merchants paid $200,000 on Sterling's $200,000 loan to Schick. The loans were secured by Schick's promissory notes and irrevocable letters of credit, in the amount of each respective loan, from an outside issuing bank.

The motion court properly dismissed Sterling's causes of action for contribution, indemnification and attorneys' fees. Sterling's claims for contribution do not lie because, inter alia, the underlying liability is not alleged to have arisen from tortious conduct (see *17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am.*, 259 AD2d 75, 81 [1999]), and its claims for common-law indemnification are unavailing because, inter alia, it is plain that Sterling itself was culpable in causing the underlying liability (see *Trustees of Columbia Univ. v Mitchell/Giurgola Assoc.*, 109 AD2d 449, 451-452 [1985]). While plaintiff has advanced no basis for an award of attorneys' fees (see *Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]), the motion court properly determined that defendants will be entitled to recover attorneys' fees incurred in defending claims brought against them by the trustee of the Schick estate in the Schick bankruptcy proceeding if such fees are determined to have been "directly occasioned and made necessary by" Sterling's breach of the participation agreements (*Aero Garage*

*Corp. v Hirschfeld,* 185 AD2d 775, 776 [1992] [internal quotation marks omitted], *lv denied* 81 NY2d 701 [1992]).

As to defendants' remaining counterclaims, the motion court properly determined that triable questions of fact exist as to whether Sterling's actions, in the exercise of its business discretion, violated its fiduciary obligation to defendants to act in good faith pursuant to sections 4.1 and 4.4 of the participation agreements. It cannot be determined summarily whether, in light of subsequent actions by the Schick estate's bankruptcy trustee to recover as illegal preferences sums paid by Sterling from Schick accounts to plaintiffs, purportedly in satisfaction of Sterling's obligations under the participation agreements, Sterling breached its fiduciary duty to defendants when it canceled draws on the letters of credit made upon Schick's defaults in repaying the underlying loans. In addition, whether Sterling had a duty to disclose Schick's financial status, and by failing to make such disclosure fraudulently or negligently induced defendants to enter into the participation agreements, is also a question of fact inappropriate for summary resolution. We note in this connection "a tendency in New York to apply the rule of 'superior knowledge' in an array of contexts in which silence would at one time have escaped criticism [citations omitted]. It is no longer acceptable, if it ever was, to conclude in knowing silence, a transaction damaging to a party who is mistaken about its basic factual assumptions when * * * he would reasonably expect a disclosure [citations omitted]. New York has joined other jurisdictions in limiting the privilege to take advantage of ignorance" (*Brass v American Film Techs., Inc.,* 987 F2d 142, 151-152 [1993] [internal quotation marks omitted]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Williams, Marlow and Gonzalez, JJ.