■ KATINA, INC., et al., Appellants, v NICHOLAS C. FAMIGLIETTI et al., Respondents. [761 NYS2d 327] —In an action, inter alia, for a judgment declaring the parties' respective rights pursuant to a license agreement, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Martin, J.), entered October 15, 2001, as, after a nonjury trial, declared that (1) the plaintiff Katina, Inc., is responsible for all utility charges incurred at the Merrick Road Golf Course regardless of who was the beneficiary of such electricity, and that Katina, Inc., was responsible for obtaining separate metering of the electric service at the Merrick Road Golf Course, (2) the defendant Town of Hempstead properly issued a December 31, 1998, notice of default based upon the failure of Katina, Inc., to pay its electric bills, (3) the parties' license agreement does not grant Katina, Inc., exclusive use or possession of the licensed premises, but only exclusive management of the same, and (4) Katina, Inc., has no right under the license agreement to charge the Town of Hempstead rent for its use of the licensed premises.

Ordered that the judgment is modified, on the law, by deleting the provisions thereof declaring that Katina, Inc., is

responsible for all utility charges incurred at the Merrick Road Golf Course regardless of who was the beneficiary of such electricity, and that the Town of Hempstead properly issued a December 31, 1998, notice of default based upon the failure of Katina, Inc., to pay the electric bills for the entire golf course, and substituting therefor provisions declaring that Katina, Inc., is only responsible for the utility costs incurred at the "Clubhouse," as defined in the license agreement, regardless of who was the beneficiary of such electricity if separate metering is not obtained, and that the December 31, 1998, notice of default issued by the Town of Hempstead was improperly based upon the failure of Katina, Inc., to pay the electric bills for the entire golf course; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Katina, Inc. (hereinafter Katina), entered into a license agreement with the plaintiff Town of Hempstead by which Katina was granted the exclusive right to manage, operate, and maintain the clubhouse, driving range, and first tee area (hereafter the clubhouse) of the Town's Merrick Road Golf Course. The license agreement stated that Katina would be responsible for all utility charges incurred at the clubhouse. It stated that Katina would provide separate metering at the clubhouse, and if it did not do so, "then the Licensee is still responsible for all utility costs incurred without regard to whether or not the Licensee or Licensor was the beneficiary." It is undisputed that Katina did not provide separate metering at the clubhouse. The Town issued a notice of default to Katina in which it claimed that Katina was responsible for all the utility costs incurred at the golf course. After a nonjury trial, the trial court found that the license agreement clearly and unambiguously stated that Katina was indeed responsible for payment of all the utility costs incurred at the entire golf course because it did not "submeter" the clubhouse. This was error.

The construction and interpretation of an unambiguous written contract is an issue of law within the province of the court, as is the inquiry of whether the writing is ambiguous in the first instance (*see W.W.W. Assoc. v Giancontieri,* 77 NY2d 157, 162 [1990]; *Van Wagner Adv. Corp. v S&M Enters.,* 67 NY2d 186, 191). If the language is free from ambiguity, its meaning may be determined as a matter of law on the basis of the writing alone without resort to extrinsic evidence (*see W.W.W. Assoc. v Giancontieri, supra* at 163; *Chimart Assoc. v Paul,* 66 NY2d 570, 573 [1986]). The objective is to determine the parties' intention as derived from the language employed in the contract (*see Greenfield v Philles Records,* 98 NY2d 562, 569 [2002]; *Slamow v Del Col,* 79 NY2d 1016, 1018 [1992]).

Here, it is clear that the license agreement did not include an obligation on the part of the licensee to pay for the utilities of the entire golf course if separate metering of the clubhouse was not attained. The license agreement is limited only to the clubhouse, and cannot reasonably be interpreted to mean that Katina is obligated to pay the utilities incurred by the entire golf course. The first mention in the license agreement limits Katina's obligation for utilities to those costs incurred at the clubhouse. The subsequent language in the same provision, stating that if provision for separate metering is not made, the licensee is "still responsible for all utility costs incurred," refers to the utility costs first described in this provision. These costs are limited to utility costs incurred at the "Clubhouse" as defined in the license agreement. While we agree with the trial court's finding that the provision governing utilities costs is clear and unambiguous, its ultimate interpretation that Katina was responsible for all the utility costs incurred at the golf course was erroneous.

Similarly, the clear provisions of the license agreement bestow upon the Town of Hempstead the right to use the licensed premises at specified times without any provision for a charge in the form of rent or any other payment to the licensee. The license agreement is unambiguous in providing the licensee with exclusive management, in contrast to exclusive use and occupancy, and in specifying that the license agreement is not a lease. Accordingly, the Supreme Court correctly declared that Katina had no right to charge rent for the Town of Hempstead's exercise of this reserved right of use.

The plaintiffs' remaining contentions are without merit. Altman, J.P., Krausman, Luciano and Crane, JJ., concur.