■ NICHOLAS PIRRERA, Respondent, v BATH & TENNIS MARINA CORP., Appellant. [769 NYS2d 565]—

In an action to recover damages for the alleged wrongful denial of the use of certain boat slips and ramps at the defendant's marina and for a judgment directing the defendant to renew the plaintiff's subscription agreements for the use of the boat slips and ramps, the defendant appeals from an order of the Supreme Court, Suffolk County (Molia, J.), entered October 10, 2002, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant, Bath & Tennis Marina Corp., owns and operates a marina which has 61 boat slips and 11 ramps for jet skis

and other personal watercraft. It is the latest successor to a number of other entities that have operated a marina in the same location since at least 1987. The defendant assigns the boat slips and ramps to subscribers who execute written subscription agreements (hereinafter the agreements). A provision in the agreements reserves to the defendant the right to rent out the aforementioned slips and ramps when the subscriber is not using them, without compensating the subscriber therefor. The term of the agreements are for the boating season beginning in April and ending in October of the same year.

On September 1, 2000, the plaintiff, Nicholas Pirrera, executed subscription agreements for two boat slips and two ramps for the boating season beginning on April 15, 2001, and ending on October 15, 2001. After the season ended, the defendant notified the plaintiff that it would not renew his subscription agreements and ordered him to remove his boats, wave runners, and boat lift from the marina. Shortly thereafter, the plaintiff commenced this action to recover $5 million in damages for the alleged wrongful denial of his docking privileges, and also sought a judgment directing the defendant to renew his subscription agreements.

The Supreme Court improperly denied the defendant's motion for summary judgment based on its determination that affidavits from the defendant's former employees raised an issue of fact as to the plaintiff's right to renew his subscription agreements. The subscription agreements unambiguously and unequivocally granted the plaintiff only a nonexclusive license to use certain boat slips and ramps for a limited term, which expired October 15, 2001. They contained no provision for an automatic renewal, right of first refusal, or any other preferential treatment for any subsequent period of time. Under these circumstances, extrinsic evidence of the past renewal practices and/or custom and usage of the defendant or its predecessors in interest was inadmissible on the issue of the plaintiff's right to renew the now-expired subscription agreements (*see W.W.W. Assoc. v Giancontieri,* 77 NY2d 157, 163 [1990]; *Katina, Inc. v Famiglietti,* 306 AD2d 440, 441-442 [2003]). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.

The plaintiff's remaining contention is improperly raised for the first time on appeal. Florio, J.P., Friedmann, H. Miller and Mastro, JJ., concur.