■ BECKER PARKIN DENTAL SUPPLY COMPANY, INC., Respondent, v 450 WESTSIDE PARTNERS, LLC, Appellant. [776 NYS2d 796]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered September 9, 2002, which, to the extent appealed from as limited by the briefs, awarded attorneys' fees, costs and disbursements to plaintiff, unanimously reversed, on the law, without costs, and that part of the third decretal paragraph which referred the matter to a special referee to hear and determine the amount of attorneys' fees incurred by plaintiff in connection with this action vacated.

Absent any statutory or contractual authority, the motion court's award of counsel fees incurred by plaintiff in connection with this action is unwarranted (*Hooper v AGS Computers*, 74 NY2d 487, 491 [1989]). Unlike the successful parties in *Sterling Natl, Bank v Israel Discount Bank of N.Y.* (305 AD2d 184, 185 [2003]), *Aero Garage Corp. v Hirschfeld* (185 AD2d 775, 776 [1992], *lv denied* 81 NY2d 701 [1992]) and *City of Elmira v Larry Walter, Inc.* (150 AD2d 129, 133 [1989], *affd* 76 NY2d 912 [1990]), plaintiff's legal expenses in obtaining an order permanently enjoining defendant from taking any further steps to terminate its commercial lease pursuant to a notice of default and to cure, dated May 24, 1999, were not incurred in attempting by itself to fulfill defendant's obligations under the parties' lease and were not "directly occasioned and made necessary by" any breach of the lease by defendant. There is no showing that defendant's unsuccessful efforts to enforce the terms of the parties' lease constituted any breach of the implied covenant of good faith and fair dealing inherent in all contracts. Concur—Andrias, J.P., Lerner, Friedman and Marlow, JJ.