■ 1199 Housing Corporation, Appellant-Respondent, v International Fidelity Insurance Company, Respondent-Appellant, et al., Defendants. (And Other Actions.) [788 NYS2d 88]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered October 20, 2003, which granted defendant International Fidelity Insurance Company's motion to dismiss the complaint except as to the ninth cause of action seeking delay damages, and denied plaintiff's cross motion to dismiss Fidelity's 14th and 18th affirmative defenses, unanimously modified, on the law, to reinstate the complaint, grant the cross motion and dismiss said affirmative defenses and, except as so modified, affirmed, without costs.

In this action on a performance bond covering heating system renovation work undertaken by defendant Kelly Tank Company, defendant surety sought dismissal of the complaint for, inter alia, failure to allege compliance with unspecified conditions contained in the instrument. By cross motion, plaintiff owner sought to dismiss any defense predicated on such basis, specifi-

cally the 14th and 18th affirmative defenses, for failure to comply with CPLR 3015 (a). Supreme Court declined to dismiss the defenses on the ground that the bond's notice provisions constitute conditions precedent to the surety's obligations thereunder. Thus, the court reasoned, plaintiff's failure to comply with the notice provisions constitutes a bar to recovery under the instrument except as to damages occasioned by Kelly Tank's delay in performance, to which the court deemed the notice provisions to be inapposite.

Supreme Court placed an improper pleading burden on plaintiff. On a motion to dismiss directed at the sufficiency of the complaint, the plaintiff is afforded the benefit of a liberal construction of the pleadings: "The scope of a court's inquiry on a motion to dismiss under CPLR 3211 is narrowly circumscribed" (*P.T. Bank Cent. Asia v ABN AMRO Bank*, 301 AD2d 373, 375 [2003]), the object being "to determine if, assuming the truth of the facts alleged, the complaint states the elements of a legally cognizable cause of action" (*id.* at 376; *see Rovello v Orofino Realty Co.*, 40 NY2d 633, 634 [1976]).

Defendant, by contrast, is subject to a strict pleading provision. In an action on a contract, the obligation to raise the issue of compliance with conditions precedent rests on the party disputing their performance or occurrence (CPLR 3015 [a]; *see* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3015:2, at 52). Thus, the burden to plead "specifically and with particularity" that any condition precedent has not been fulfilled rests on the party resisting enforcement of the contract (*id.*). At trial, the proponent of the agreement is required to demonstrate fulfillment of the condition only to the extent specified by the party asserting noncompliance. An exception is made if the performance or occurrence of a condition precedent has been expressly pleaded in the complaint, in which case a general denial will suffice to place satisfaction of the condition in issue (*see Allis-Chalmers Mfg. Co. v Malan Constr. Corp.*, 30 NY2d 225, 232-233 [1972]).

Defendant surety's answer alludes only to plaintiff's "own improper actions" (14th affirmative defense) and the owner's default in complying with provisions concerning "notice, default and/or termination" (18th affirmative defense). Having neglected to identify any specific procedure required by the performance bond with which plaintiff failed to comply, defendant's responsive pleading does not meet the particularity requirement of the statute. Defendant's 14th and 18th affirmative defenses are therefore deficient and subject to summary dismissal.

Supreme Court properly declined to award defendant counsel

fees. It is well established that each party bears responsibility for its own attorneys' fees unless a contrary intent is unmistakably clear from the contract language (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 492 [1989]).

We have considered the parties' remaining contentions for affirmative relief and find them unavailing. Concur—Tom, J.P., Andrias, Sullivan, Ellerin and Sweeny, JJ.