■ MASTER-BUILT CONSTRUCTION CO., INC., Plaintiff, v OAK-LEIGH B. THORNE et al., Defendants. (Action No. 1.) OAKLEIGH B. THORNE, Respondent, v MASTER-BUILT CONSTRUCTION CO., INC., Appellant, et al., Defendant. (Action No. 2.) [802 NYS2d 713]—

In an action, inter alia, to recover damages for breach of contract, and a related action to recover damages for unjust enrichment, Master-Built Construction Co., Inc., the defendant in action No. 2, appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated June 24, 2003, as granted that branch of the motion of Oakleigh B. Thorne, the plaintiff in that action, which was for summary judgment against it in the sum of $574,033.86.

Ordered that the order is affirmed insofar as appealed from, with costs.

"The construction and interpretation of an unambiguous written contract is an issue of law within the province of the court, as is the inquiry of whether the writing is ambiguous in the first instance. . . . [Where] the language is free from ambiguity, its meaning may be determined as a matter of law on the basis of the writing alone without resort to extrinsic evidence. . . . The objective [of a court asked to interpret contract language] is to determine the parties' intention as derived from the language [they] employed in the contract" (*Katina, Inc. v Famiglietti*, 306 AD2d 440, 441 [2003] [citations omitted]). Thus, "when interpreting a contract, the court should arrive at a construction which will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (*Joseph v Creek & Pines*, 217 AD2d 534, 535 [1995]; *see Fetner v Fetner*, 293 AD2d 645 [2002]).

Here, it is clear that the "cost-plus" construction agreement (hereinafter the agreement) that is at issue on appeal permitted Master-Built Construction Co., Inc. (hereinafter the contractor), to pass along, and calculate its contractor's fee upon, only those costs it actually incurred in retaining subcontractors and independent workers. Similarly, the agreement unambiguously permitted the contractor to pass along, and calculate its fee upon, only those amounts it actually incurred in paying its own employees, as adjusted by an agreed-upon "labor burden" multiplier. The agreement also clearly precluded the contractor from passing along, and calculating its fee upon, the cost of equipment and tools that it purchased and owned.

Thus, the Supreme Court properly granted that branch of the motion of Oakleigh B. Thorne, which was for summary judgment in action No. 2. Thorne made a prima facie showing that the contractor over-billed for costs and fees associated with subcontracted workers, independent labor, and its own employees, and improperly billed for the use of scaffolding equipment it owned. Accordingly, the Supreme Court properly granted summary judgment in action No. 2, in the amount of those over-billings and improper billings, against the contractor and in favor of Thorne. Florio, J.P., H. Miller, Cozier and Spolzino, JJ., concur.