■ RAD Ventures Corp., Respondent, v Temel Artukmac, Appellant. [818 NYS2d 527]—

In an action to recover on a personal guarantee and for an award of an attorney's fee, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Rudolph, J.), entered October 1, 2004, which granted the plaintiff's motion for summary judgment on the complaint and denied his cross motion for summary judgment dismissing the complaint, and (2) a judgment of the same court dated March 9, 2005, which, upon the order, is in favor of the plaintiff and against him in the total sum of $922,308.12.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law and as a matter of discretion, by reducing the award of an attorney's fee to the plaintiff, as set forth therein, from the sum of $74,730.04 to the sum of $48,669, and by reducing the total award to the plaintiff, as set forth therein, from the sum of $922,308.12 to the sum of $896,247.08; as so modified, the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

"The construction and interpretation of an unambiguous written contract is an issue of law within the province of the court, as is the inquiry of whether the writing is ambiguous in the first instance" (Katina, Inc. v Famiglietti, 306 AD2d 440,

441 [2003]; *see W.W.W. Assoc. v Giancontieri,* 77 NY2d 157, 162 [1990]; *Van Wagner Adv. Corp. v S & M Enters.,* 67 NY2d 186, 191 [1986]; *805 Third Ave. Co. v M.W. Realty Assoc.,* 58 NY2d 447, 451 [1983]; *Master-Built Constr. Co., Inc. v Thorne,* 22 AD3d 535 [2005]; *Hindes v Weisz,* 303 AD2d 459, 460 [2003]; *Fetner v Fetner,* 293 AD2d 645 [2002]; *National Loan Invs. v First Equities Corp.,* 261 AD2d 518 [1999]). "If the language is free from ambiguity, its meaning may be determined as a matter of law on the basis of the writing alone without resort to extrinsic evidence" (*Katina, Inc. v Famiglietti, supra* at 441; *see W.W.W. Assoc. v Giancontieri, supra* at 163; *Chimart Assoc. v Paul,* 66 NY2d 570, 572-573 [1986]; *Master-Built Constr. Co., Inc. v Thorne, supra; Pirrera v Bath & Tennis Mar. Corp.,* 2 AD3d 613, 614 [2003]; *Hindes v Weisz, supra* at 460-461; *Weiner v Anesthesia Assoc. of W. Suffolk,* 203 AD2d 454 [1994]). The court's role is "to determine the parties' intention as derived from the language employed in the contract" (*Katina, Inc. v Famiglietti, supra* at 441; *see Greenfield v Philles Records,* 98 NY2d 562, 569 [2002]; *Slamow v Del Col,* 79 NY2d 1016, 1018 [1992]; *Chimart Assoc. v Paul, supra; Slatt v Slatt,* 64 NY2d 966, 967 [1985]; *Master-Built Constr. Co., Inc. v Thorne, supra; Hindes v Weisz, supra* at 461). Thus, when interpreting a contract, "the court should arrive at a construction which will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (*Joseph v Creek & Pines,* 217 AD2d 534, 535 [1995]; *see Master-Built Constr. Co., Inc. v Thorne, supra; Fetner v Fetner, supra; Partrick v Guarniere,* 204 AD2d 702, 704 [1994]).

The disputed contract in this case contains the unambiguous acknowledgments of Tristar Petroleum, Inc. (hereinafter Tristar), U.S.A. Petroleum Products Corp. (hereinafter UPPC), and the defendant that they jointly and severally owed a $500,000 debt to the plaintiff, and an unambiguous acknowledgment by the defendant that he had personally guaranteed the obligations of Tristar and UPPC in that regard. There is no dispute that the contract obligates the plaintiff to forgive that debt only if it acquires a fee simple ownership interest in certain real property in Medford, New York, currently leased to Tristar, and then only as an element of the purchase price of that real property. Because neither Tristar nor UPPC have paid the plaintiff any portion of the debt, and the plaintiff has not been able to acquire a fee simple interest in the real property despite its diligence, the Supreme Court correctly determined that the plaintiff established, as a matter of law, that the debt remains outstanding, and that the defendant failed to raise a triable is-

sue of fact in opposition. The Supreme Court thus properly granted summary judgment to the plaintiff on its cause of action against the defendant seeking to recover on the guarantee, and properly denied the defendant's cross motion for summary judgment dismissing the complaint.

The judgment should be modified, however, by reducing the award of an attorney's fee to the plaintiff from the sum of $74,730.04 to the sum of $48,669, and accordingly, reducing the total amount awarded in the judgment. As a general rule, the award of an attorney's fee as part of a recovery in an action is not permitted, unless the right to such an award has been established by agreement, statute, or court rule (*see U.S. Underwriters Ins. Co. v City Club Hotel, LLC*, 3 NY3d 592, 597 [2004]; *Chapel v Mitchell*, 84 NY2d 345, 349 [1994]; *Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]; *Matter of A.G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1, 5 [1986]; *Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 21-22 [1979]; *Clelland v Lettro*, 15 AD3d 874 [2005]; *1199 Hous. Corp. v International Fid. Ins. Co.*, 14 AD3d 383 [2005]; *Culinary Connection Holdings v Culinary Connection of Great Neck*, 1 AD3d 558, 559 [2003]). The contract in dispute contains such an agreement, and an award of an attorney's fee is thus available to the plaintiff (*see Levine v Infidelity, Inc.*, 2 AD3d 691, 692-693 [2003]). Nonetheless, the award of an attorney's fee, whether pursuant to agreement or statute, must be reasonable and not excessive (*see Solow Mgt. Corp. v Tanger*, 19 AD3d 225, 226 [2005]; *Sempra Energy Trading Corp. v PG&E Tex. VGM*, 284 AD2d 253, 254 [2001]). Such an award should only take account of work actually performed, and fees actually incurred (*see Spindel v Shor & Assoc.*, 297 AD2d 244 [2002]; *cf. Union State Bank v STPT Realty*, 265 AD2d 478 [1999]). In this action, the fee provision contained in the contract entitles the plaintiff to an award of an attorney's fee only in connection with legal work performed on its behalf, and undertaken after the execution of the contract, to collect the underlying $500,000 debt or to enforce the contract in the case of default under its terms by Tristar, UPPC, and the defendant. The Supreme Court improperly included, in its award, the sum of $1,258.24 in legal fees incurred by the plaintiff in connection with a separate action settled long before the execution of the contract, and the sum of $22,889.30 in legal fees incurred in connection with the very action settled by the contract itself. It also improperly included the sum of $1,913.50 in fees attributable to legal work undertaken in a third related action (*see Tristar Petroleum, Inc. v RAD Energy Corp.*, 31 AD3d 437 [2006] [decided herewith]), allegedly performed long after that action had been disposed of by the

Supreme Court. Because those fees were not directly occasioned or made necessary by the violation of or a default under the contract, and were not directly related to the collection of the $500,000 debt, they should not have been included in the award (*see Becker Parkin Dental Supply Co., Inc. v 450 Westside Partners, LLC,* 7 AD3d 441 [2004]; *cf. Hooper Assoc. v AGS Computers, supra* at 491; *Popyork, LLC v 80 Ct. St. Corp.,* 23 AD3d 538 [2005]; *Gannett Suburban Newspapers v El-Kam Realty Co.,* 306 AD2d 312, 314 [2003]).

The defendant's remaining contentions either are without merit or were improperly raised for the first time on appeal (*see Gammal v La Casita Milta,* 5 AD3d 630 [2004]; *Sandoval v Juodzevich,* 293 AD2d 595, 595-596 [2002]; *Mourounas v Shahin,* 291 AD2d 537 [2002]; *Weber v Jacobs,* 289 AD2d 226 [2001]). Florio, J.P., Krausman, Goldstein and Lifson, JJ., concur.