■ TRISTAR PETROLEUM, INC., et al., Appellants, v RAD EN-ERGY CORP., Respondent. [818 NYS2d 531]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Rudolph, J.), entered July 9, 2001, which granted the defendant's motion for summary judgment dismissing the complaint and denied their cross motion for summary judgment on their first and second causes of action.

Ordered that the order is affirmed, with costs.

"The construction and interpretation of an unambiguous written contract is an issue of law within the province of the court" (*Katina, Inc. v Famiglietti*, 306 AD2d 440, 441 [2003]; *see RAD Ventures Corp. v Artukmac*, 31 AD3d 412 [2006] [decided herewith]).

Like the clause in the disputed contract providing for the forgiveness of a $500,000 debt owed by the plaintiffs to the defendant (*see RAD Ventures Corp. v Artukmac, supra*), the provision which obligates the defendant to assume more than $350,000 in debt owed by the plaintiffs to third-party creditors is only triggered if the defendant acquires a fee simple ownership interest in certain real property in Medford, New York, currently leased to the plaintiff Tristar Petroleum, Inc., and then only as an element of the purchase price of that real property (*see RAD Ventures Corp. v Artukmac, supra*). Because the defendant has not been able to acquire a fee simple interest in the real property despite its diligence, the Supreme Court correctly determined that the defendant established, as a matter of law, that it owes no obligation to assume the disputed third-party debt, and that the plaintiffs failed to raise a triable issue of fact in opposition. It thus properly granted summary judgment to the defendant dismissing the complaint, and denied the plaintiffs' cross motion for summary judgment on its first and second causes of action.

The plaintiffs' remaining contentions are without merit. Florio, J.P., Krausman, Goldstein and Lifson, JJ., concur.