■ In the Matter of the Estate of JOHN J. PAGE, SR., Deceased. PAUL PAGE, Appellant; PATRICK PAGE et al., Respondents. [840 NYS2d 423]—

In a proceeding to compel an estate accounting, the petitioner

appeals from an order of the Surrogate's Court, Dutchess County (Pagones, S.), dated March 20, 2006, which denied his motion to enforce a certain so-ordered merger, dissolution and distribution agreement dated June 23, 2005, and granted the cross motion of the respondent Patrick Page, as executor of the estate of John J. Page, Sr., to compel the petitioner to perform all obligations, sign all documents, and pay all sums required of him under the same agreement.

Ordered that the order is affirmed, with costs to the respondent Patrick Page.

"The construction and interpretation of an unambiguous written contract is an issue of law within the province of the court" (*Katina, Inc. v Famiglietti*, 306 AD2d 440, 441 [2003]; *see Tristar Petroleum, Inc. v RAD Energy Corp.*, 31 AD3d 437 [2006]). "Where the terms of an agreement are clear and unambiguous, the agreement should be enforced according to the plain meaning of its terms without the need to examine extrinsic evidence to determine the parties' intent" (*Royal Sun Alliance Ins. Co. v Travelers Ins. Co.*, 15 AD3d 563, 563 [2005]; *see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]).

Contrary to the petitioner's contention, the Supreme Court properly concluded that the plain language of the merger, dissolution and distribution agreement (hereinafter the agreement), executed by the petitioner and several of the respondents, obligated the petitioner to contribute toward the partnership debt of Page Development, L.P., based on the petitioner's pro rata ownership interest therein as a limited partner. Paragraph 9 of the agreement specifically provided, inter alia, that "[a]ny shortfall in the cash needs for the closing of the transaction set forth herein shall be paid by the undersigned individuals pro-rata according to their interests in the legal entities." While the subject of that paragraph included legal fees, accounting fees, and other fees, the plain meaning of the quoted language in no way limited its application to such fees, as urged by the petitioner. Accordingly, the Surrogate's Court properly granted the cross motion of the respondent Patrick Page, as executor of the estate of John J. Page, Sr., to compel the petitioner to perform his obligations, sign all documents, and pay all sums required of him under the agreement, and properly denied the petitioner's motion to enforce the agreement. Crane, J.P., Goldstein, Covello and Dickerson, JJ., concur.