Matter of Jagnarain v Aponte (2018 NY Slip Op 00832)





Matter of Jagnarain v Aponte


2018 NY Slip Op 00832


Decided on February 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-12423
 (Docket Nos. V-4433-16, V-6604-16)

[*1]In the Matter of Alicia Jagnarain, petitioner,
v
Paul Aponte, respondent; Amal Oummih, etc., nonparty-appellant; David Badanes, etc., nonparty-respondent. (Proceeding No. 1)
In the Matter of Paul Aponte, petitioner, vAlicia Jagnarain, respondent; Amal Oummih, etc., nonparty-appellant; David Badanes, etc., nonparty-respondent. (Proceeding No. 2)


Amal Oummih, Astoria, NY, nonparty-appellant pro se.



DECISION & ORDER
Appeal from an order of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated October 27, 2016. The order, insofar as appealed from, granted that branch of the motion of nonparty David Badanes which was pursuant to 22 NYCRR 130-2.1 for an award of costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, directed nonparty Amal Oummih to pay him the sum of $2,100, and denied the cross motion of nonparty Amal Oummih for an award of sanctions pursuant to 22 NYCRR 130-1.1.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by reducing the amount awarded to nonparty David Badanes as costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees from the sum of $2,100 to the sum of $600; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The nonparty-appellant Amal Oummih (hereinafter the appellant) was the attorney for the mother in these child custody proceedings, and the nonparty-respondent David Badanes (hereinafter the respondent) was the attorney for the father. The appellant, on the eve of the trial scheduled for Monday, August 22, 2016, sought to withdraw as counsel for the mother, because the appellant's mother had been gravely ill since July 2016. Instead of moving to withdraw as counsel, the appellant asked the mother to discharge the appellant as her attorney. On August 17, 2016, the mother complied, and by letter dated August 18, 2016, the appellant informed the Family Court that she had been discharged. On Friday, August 19, 2016, the appellant notified the attorney for the child, who, in turn, notified the respondent. On the day of trial, August 22, 2016, no consent to change attorney form pursuant to CPLR 321 had been filed, because the retainer agreement for the mother's new attorney had not been finalized.
The respondent moved pursuant to 22 NYCRR 130-2.1 for costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees based upon the appellant's failure to appear for the trial. The appellant opposed the motion and cross-moved [*2]to impose sanctions pursuant to 22 NYCRR 130-1.1 upon the respondent, arguing that his motion was frivolous. The Family Court, in the order appealed from, determined that the appellant's failure to appear at the trial was without good cause, granted the respondent's motion, awarded him the sum of $2,100, and denied the appellant's cross motion.
Pursuant to 22 NYCRR 130-2.1(a) "the court, in its discretion, may impose financial sanctions or, in addition to or in lieu of imposing sanctions, may award costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, upon any attorney who, without good cause, fails to appear at a time and place scheduled for an action or proceeding to be heard before a designated court." Here, the Family Court providently exercised its discretion in granting the respondent's motion.
The appellant's failure to properly notify the Family Court and the other parties of her dilemma, and the nature of the harm caused by her nonappearance, which prolonged the custody litigation, warranted an award of costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees (see Matter of Myles B., 20 AD3d 413, 413; Sanchez v Sanchez, 286 AD2d 324; Matter of Alex S., 283 AD2d 433; Hardy v Hardy, 281 AD2d 515, 516).
However, the award of costs, in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, did not reflect work "actually performed" or fees "actually incurred" (RAD Ventures Corp. v Artukmac, 31 AD3d 412, 414). Accordingly, we reduce the award of costs from the sum of $2,100 to the sum of $600.
The appellant's remaining contentions are without merit.
CHAMBERS, J.P., HINDS-RADIX, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court