■ ANTONIO OLADEINDE FERNANDEZ, Appellant-Respondent, v SANDRA INETT PRICE, Also Known as ADUKE FERNANDEZ, Respondent-Appellant. [880 NYS2d 169]—

In an action, inter alia, for the partition of real property, the plaintiff appeals, as limited by his brief, (1) from so much of a judgment of the Supreme Court, Westchester County (Colabella, J.), dated January 3, 2008, as, upon an order of the same court entered May 10, 2007, among other things, appointing a receiver

to sell certain real property upon the parties' consent and, upon a decision of the same court dated October 2, 2007, made after a nonjury trial, in effect, appointed a receiver and adjudged that the term "expenses" in the parties' stipulation of settlement dated August 22, 2003, is construed to mean "all costs attendant to the property through its sale," and (2) from so much of an order of the same court entered June 12, 2008, as, sua sponte, resettled so much of the order entered May 10, 2007, as continued the receiver's authority to act "until final judgment or further order of the court," by, in effect, deleting the provision "until final judgment or," and the defendant cross-appeals, as limited by her brief, from so much of the same judgment as dismissed, as academic, so much of her first counterclaim as sought specific performance of the stipulation of settlement, and dismissed so much of the first counterclaim as sought to recover damages for breach of the stipulation of settlement.

Ordered that the appeal from so much of the judgment as, upon the order entered May 10, 2007, in effect, appointed a receiver to sell certain real property upon the parties' consent is dismissed, without costs or disbursements, as the plaintiff is not aggrieved thereby (see CPLR 5511); and it is further,

Ordered that the appeal from so much of the order entered June 12, 2008, as, sua sponte, resettled so much of the order entered May 10, 2007, as continued the receiver's authority to act "until final judgment or further order of the court" by, in effect, deleting the provision "until final judgment or" is dismissed, without costs or disbursements, as that part of the order is not appealable as of right, and we decline to grant leave to appeal (see CPLR 5701); and it is further,

Ordered that the judgment is modified, on the facts, by deleting the provision thereof adjudging that the term "expenses" in the parties' stipulation of settlement dated August 22, 2003, is construed to mean "all costs attendant to the property through its sale" and substituting a provision therefor adjudging that the term "expenses" is construed to mean "expenses of the sale"; as so modified, the judgment is affirmed insofar as reviewed, without costs or disbursements.

The plaintiff and the defendant, although never legally married, had an approximately 20-year relationship commencing in 1982, during which time they had two daughters. While living together, the parties acquired a very large waterfront property at The Peninsula, Premium Point, in Mamaroneck (hereinafter Premium Point).

In settlement of a quasi-matrimonial action subsequently instituted by the defendant against the plaintiff in Scotland, the

parties entered into a settlement agreement concerning various real properties and personal property they acquired. Among other provisions, the settlement agreement provided that "[t]he Property in New York known as The Premium Point will be sold and the proceed[s] divide[d] equally between the parties and expenses will be deducted from [the plaintiff's] fifty percent." The plaintiff testified that during the negotiations of that provision of the settlement agreement, he forwarded a draft of the settlement to the defendant. He also testified that the version of the draft that he sent to the defendant did not mention expenses. The defendant testified that she added certain handwritten language that "taxes, expenses, upkeep related to said property are deducted from 50% of . . . [the plaintiff's] share." The final typewritten version, which became the settlement agreement, only included the term "expenses."

Shortly after the parties settled their action in Scotland, the plaintiff commenced the instant action against the defendant for, inter alia, partition of Premium Point. The defendant counterclaimed, among other things, to recover damages for breach of the settlement based on the plaintiff's alleged failure to list and sell Premium Point. The defendant also counterclaimed for specific performance of the settlement agreement. The plaintiff discontinued his action and the matter proceeded to a nonjury trial solely on the defendant's counterclaims.

During the nonjury trial, the defendant moved for the appointment of a temporary receiver pursuant to CPLR 6401 in order to facilitate the sale of Premium Point, given the parties' absence from the United States. The plaintiff stated that he would agree to the appointment provided certain conditions were met concerning the selection of a real estate broker and exclusion of a certain person from the premises. In an order entered May 10, 2007, the court appointed a receiver, stating that the parties had agreed to the appointment of a receiver. The order made the appointment of a receiver subject to the conditions the plaintiff requested and authorized the receiver to "continue in his duties as Receiver until final judgment or further Order of the Court."

At the conclusion of the nonjury trial, the Supreme Court issued a decision dated October 2, 2007, finding that the term "expenses," as used in the agreement, was ambiguous. Looking at the extrinsic evidence and construing the settlement agreement against the plaintiff as its drafter, the court determined that "expenses" meant "all costs attendant to the property through the sale" and not, as the plaintiff suggested, only those expenses associated with the sale of the property. In addition,

the Supreme Court dismissed the defendant's counterclaim to recover damages for breach of the settlement agreement and for specific performance of the settlement agreement, reasoning, inter alia, that that claim had been rendered academic by the consensual appointment of the receiver.

Following the entry of the judgment, the receiver informed the Supreme Court and the parties that he had obtained a buyer for Premium Point and submitted a proposed contract of sale. The plaintiff objected to the receiver's continued authority to act on the ground that the receivership terminated with the entry of the judgment. In an order entered June 12, 2008, the court approved the contract of sale and resettled the order entered May 10, 2007, by, in effect, deleting the provision "until final judgment or" so that the receiver could continue to act "until further order of the court." We modify.

"Upon review of a determination rendered after a nonjury trial, this Court's authority 'is as broad as that of the trial court,' and this Court 'may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing and hearing the witnesses' " (*PKG Assoc., Inc. v Mile Dev. Corp.*, 59 AD3d 693 [2009], quoting *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; see *Perfect Crown Vic, Inc. v Douce Hacking Corp.*, 56 AD3d 448 [2008]; *Coliseum Towers Assoc. v County of Nassau*, 2 AD3d 562, 564 [2003]). When interpreting a contract, the construction arrived at should give fair meaning to all of the language employed by the parties, to reach a practical interpretation of the parties' expressions so that their reasonable expectations will be realized (see *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *McCabe v Witteveen*, 34 AD3d 652, 654 [2006]). The terms of a contract are clear and unambiguous when the language used has a definite and precise meaning, unattended by danger of misconception in the purport of the agreement itself, and concerning which there is no reasonable basis for a difference of opinion (see *Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 355 [1978]; *Broad St., LLC v Gulf Ins. Co.*, 37 AD3d 126, 131 [2006]). Conversely, contract language is ambiguous when it is "reasonably susceptible of more than one interpretation," and extrinsic or parol evidence may be then permitted to determine the parties' intent as to the meaning of that language (*Chimart Assoc. v Paul*, 66 NY2d 570, 572-573 [1986]; see *Mercury Bay Boating Club v San Diego Yacht Club*, 76 NY2d 256, 267 [1990]; *Vuono v Interpharm Holdings, Inc.*, 55 AD3d 825, 826 [2008]).

Applying these principles to the matter at bar, the trial court

correctly concluded that the term "expenses" as used in the parties' settlement agreement was ambiguous (*cf. Goldspinner v Goldspinner*, 52 AD2d 837 [1976]). However, the trial court erred in concluding that the term "expenses" covered "all costs attendant to the property through sale." To the contrary, the extrinsic and parol evidence, including the fact that "expenses" was included in the settlement agreement without the addition of "taxes" and "upkeep" as the defendant suggested, leads us to conclude that "expenses" means only those costs associated with the sale of Premium Point. The defendant was the one to supply the term "expenses," and she contributed to the selection of the language used in the settlement (*see Coliseum Towers Assoc. v County of Nassau*, 2 AD3d 562, 565 [2003]; *cf. 67 Wall St. Co. v Franklin Natl. Bank*, 37 NY2d 245, 249 [1975]). Moreover, the axiom "contra proferentum," which advises that any ambiguity in a document is resolved against its drafter, is a rule of construction that should be employed only as a last resort (*see Topor v Erie Ins. Co.*, 28 AD3d 1199, 1200 [2006]; *Rottkamp v Eger*, 74 Misc 2d 858, 864 [1973]; Restatement [Second] of Contracts § 206, Comment *a*).

To the extent that the defendant contends that the trial court should not have dismissed, as academic, that part of her counterclaim which sought specific performance, her contention is without merit in light of the appointment of the receiver to sell the property. Further, the trial court properly dismissed that part of the defendant's counterclaim which sought damages for breach of contract. The defendant failed to prove that she sustained any damages from any purported delay of the sale of the property, nor were consequential damages foreseeable or within the contemplation of the parties (*see Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.*, 10 NY3d 187, 192-193 [2008]; *Cohn v Mezzacappa Bros.*, 155 AD2d 506 [1989]; *Freidus v Eisenberg*, 123 AD2d 174, 180 [1986], *affd* 71 NY2d 981 [1988]).

The parties' remaining contentions are without merit. Spolzino, J.P., Santucci, Florio and Balkin, JJ., concur.