■ LAW OFFICES OF J. STEWART MOORE, P.C., Appellant, v SHERMAN TRENT, Respondents, et al., Defendants. [2 NYS3d 148]—

In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Tarantino, Jr., J.), dated April 4, 2014, as granted those branches of the cross motion of the defendants Joyce Anderson, Arthur J. Anderson III, Artie & Corby, L.P., Terry T. Hatcher, Alan C. Hatcher, Kim Hatcher Stephens, and Troy D. Hatcher, and the separate cross motion of the defendant Sherman Trent, which were for summary judgment dismissing the cause of action to recover a contingency fee, and granted its motion for summary judgment on the complaint only to the extent of directing a hearing to permit it to submit evidence as to the claimed legal fees based on services rendered at the hourly rate set forth in a retainer agreement between the plaintiff and the defendants.

Ordered that the order is affirmed insofar as appealed from, with costs.

The construction and interpretation of an unambiguous written contract is an issue of law within the province of the court, as is the inquiry of whether the writing is ambiguous in the first instance (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157 [1990]; *Hindes v Weisz*, 303 AD2d 459 [2003]; *National Loan Invs. v First Equities Corp.*, 261 AD2d 518 [1999]). If the language is free from ambiguity, its meaning may be determined as a matter of law on the basis of the writing alone without resort to extrinsic evidence (*see Weiner v Anesthesia Assoc. of W. Suffolk*, 203 AD2d 454 [1994]). Thus, the objective is to determine the parties' intention as derived from the language employed in the contract (*see Chimart Assoc. v Paul*, 66 NY2d 570 [1986]).

The respondents, previously represented by the plaintiff, had commenced a lawsuit against the Town of Riverhead and Suffolk County, and thereafter settled the action. The plaintiff com-

menced this action to enforce the contingency provision of the parties' retainer agreement. The retainer agreement provided for a contingency fee to be paid to the plaintiff "not to exceed twenty percent . . . of any award . . . granted." The respondents contended that the contingency fee provision was not applicable because no award had been granted; rather, the action had been discontinued pursuant to the terms of the settlement.

The Supreme Court correctly found that, pursuant to the plain language of the parties' retainer agreement, no contingency fee was owed to the plaintiff, as no "award" had been given to the respondents (*Albunio v City of New York*, 23 NY3d 65, 71 [2014]; *see Matter of Koeppel*, 95 AD3d 453, 454-455 [2012]; *see also Greenberg v Bar Steel Constr. Corp.*, 22 NY2d 210, 212-213 [1968]). The term "award" is clear and unambiguous and, in common parlance, does not include proceeds paid to purchase real property, whether to settle a lawsuit or otherwise (*see* Black's Law Dictionary 164 [10th ed 2014]). Moreover, the plain meaning of "award" is consistent with another provision of the parties' retainer agreement which provided that, upon any settlement of the matter, the plaintiff was to be compensated on an hourly basis.

Accordingly, the Supreme Court properly granted those branches of the respondents' separate cross motions which were for summary judgment dismissing the plaintiff's cause of action to recover a contingency fee.

The Supreme Court also properly granted the plaintiff's motion for summary judgment only to the extent of directing a hearing to permit it to submit evidence as to the claimed legal fees (*see Costello v Kiaer*, 278 AD2d 50, 50 [2000]), based upon the services rendered at the hourly rate set forth in the retainer agreement between the plaintiff and the defendants. Leventhal, J.P., Chambers, Cohen and Duffy, JJ., concur.