■ PALOMBO GROUP, Respondent, v POUGHKEEPSIE CITY SCHOOL DISTRICT, Appellant. [3 NYS3d 390]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Dutchess County (Wood, J.), dated November 16, 2012, which, upon a decision of the same court dated September 28, 2012, made after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $38,847.50, and dismissing its counterclaims.

Ordered that the judgment is affirmed, with costs.

The parties entered into a construction management agreement dated November 1, 2002 (hereinafter the agreement), pursuant to which the plaintiff was to oversee a construction project for the defendant. The agreement provided that the plaintiff would be paid a total of $960,700 for the performance of "basic services," plus any approved reimbursable expenses and "additional services." On or about September 6, 2005, the plaintiff submitted to the defendant an invoice seeking payment for "additional services" in the amount of $224,866.79. In a resolution dated October 11, 2005, the defendant's Board of Education (hereinafter the Board) approved payment of this invoice, and the defendant subsequently remitted payment.

The plaintiff thereafter submitted two additional invoices, Invoice No. 39, dated December 20, 2005, for $21,395, and Invoice No. 40, dated January 5, 2006, for $17,452.50. The defendant did not remit payment on these invoices.

The plaintiff commenced this action, inter alia, to recover damages for breach of contract, seeking to recover the amounts billed in Invoice Nos. 39 and 40. The defendant asserted counterclaims seeking, under multiple theories, to recover the amount it had paid to the plaintiff on the plaintiff's September 6, 2005, invoice. After a nonjury trial, the Supreme Court awarded the plaintiff the principal sum of $38,847.50, representing the combined sum of Invoice Nos. 39 and 40, and dismissed the defendant's counterclaims. The defendant appeals. We affirm.

"In reviewing a determination rendered after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing the witnesses and hearing the testimony" (*Khan v Kaieteur Constr., Inc.*, 120 AD3d 770, 770 [2014]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Novair Mech. Corp. v Universal Mgt. & Contr. Corp.*, 81 AD3d 909, 909-910 [2011]; *Yonkers Contr. Co., Inc. v Romano Enters. of N.Y., Inc.*, 40 AD3d 629, 629 [2007]). "The construction and interpretation of an unambiguous written contract is an issue of law within the province of the court, as is the inquiry of whether the writing is ambiguous in the first instance. If the language is free from ambiguity, its meaning may be determined as a matter of law on the basis of the writing alone without resort to extrinsic evidence" (*Law Offs. of J. Stewart Moore, P.C. v Trent*, 124 AD3d 603, 603 [2d Dept 2015] [citations omitted]). "When interpreting a contract, the construction arrived at should give fair meaning to all of the language employed by the parties, to reach a practical interpretation of the parties' expressions so that their reasonable expectations will be realized" (*Fernandez v Price*, 63 AD3d 672, 675 [2009]; *see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *McCabe v Witteveen*, 34 AD3d 652, 654 [2006]). "The terms of a contract are clear and unambiguous when the language used has a definite and precise meaning, unattended by danger of misconception in the purport of the agreement itself, and concerning which there is no reasonable basis for a difference of opinion" (*Fernandez v Price*, 63 AD3d at 675; *see Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 355 [1978]; *Broad St., LLC v Gulf Ins. Co.*, 37 AD3d 126, 131 [2006]).

Applying these principles to this case, we conclude that the disputed terms of the contract are unambiguous. Based on the clear language of the agreement, the Supreme Court correctly concluded that the services for which the plaintiff billed the defendant in invoice Nos. 39 and 40 constituted "additional services" within the meaning of the agreement. Contrary to the defendant's contention, the Supreme Court's determination in this regard was correct as a matter of law. Accordingly, the Supreme Court correctly awarded the plaintiff judgment on its complaint in the sum of $38,847.50.

Additionally, the Supreme Court properly dismissed the defendant's counterclaims to recoup the amount it had previously paid the plaintiff for "additional services." Contrary to the defendant's contention, the Supreme Court properly found that the defendant failed to demonstrate that the Board lacked authority to approve the payment of the plaintiff's September 6, 2005, invoice for "additional services," or that the resolution to do so was the result of a mistake of law or fact.

The defendant's remaining contentions are without merit. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.