██ DAVID YAROM et al., Appellants, v POLIFORM S.P.A., Respondent. [60 NYS3d 283]—

In an action, inter alia, to recover on promissory notes, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Bucaria, J.), dated January 13, 2015, which denied their motion pursuant to CPLR 4404 (b), among other things, to set aside a decision of the same court dated October 29, 2014, made after a nonjury trial, and (2) a judgment of the same court entered May 27, 2015, which is in their favor and against the defendant in the principal sum of only $44,371.03.

Ordered that the appeal from the order dated January 13, 2015, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Pursuant to a share purchase agreement dated February 27, 2009, the plaintiffs sold their shares of stock in a company to the defendant for $1,020,000, with the sum of $420,000 due at closing and the remainder payable in two $300,000 installments. The parties executed various promissory notes evidencing the defendant's obligation to pay the installments. The

share purchase agreement provided that the plaintiffs were obligated to "indemnify" the defendant for any "loss" resulting from an "Event of Breach" up to $300,000. Among the events of breach specified in the share purchase agreement were losses resulting from liabilities known to the plaintiffs, but "not set forth on the books and records" of the company at the time of closing. The defendant paid the amount due at closing, but, citing three tax liabilities that surfaced over the following months and years, paid the first installment late and never paid the remaining $300,000.

The plaintiffs commenced this action, inter alia, to recover on the promissory notes. Following a nonjury trial, the Supreme Court found that the three tax liabilities constituted events of breach that entitled the defendant to withhold the sum of $300,000 from the principal due to the plaintiffs. However, in a judgment entered May 27, 2015, the Supreme Court awarded the plaintiff interest and fees associated with the defendant's late payment of the first installment. The plaintiffs appeal from the judgment. We affirm.

" 'In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses' " (*Quadrozzi v Estate of Quadrozzi*, 99 AD3d 688, 691 [2012], quoting *BRK Props., Inc. v Wagner Ziv Plumbing & Heating Corp.*, 89 AD3d 883, 884 [2011]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Neiss v Fried*, 127 AD3d 1044, 1046 [2015]). " 'The construction and interpretation of an unambiguous written contract is an issue of law within the province of the court, as is the inquiry of whether the writing is ambiguous in the first instance. If the language is free from ambiguity, its meaning may be determined as a matter of law on the basis of the writing alone without resort to extrinsic evidence' " (*Palombo Group v Poughkeepsie City Sch. Dist.*, 125 AD3d 620, 621 [2015], quoting *Law Offs. of J. Stewart Moore, P.C. v Trent*, 124 AD3d 603, 603 [2015]). "Where a contract is ambiguous, extrinsic evidence may be considered to determine the parties' intent" (*Fattorusso v RJR Mech., Inc.*, 131 AD3d 1098, 1100 [2015]; *see Schron v Troutman Sanders LLP*, 20 NY3d 430, 436 [2013]). " 'When interpreting a contract, the construction arrived at should give fair meaning to all of the language employed by the parties, to reach a practical interpretation of the parties' expressions so that their reasonable expectations will be realized' " (*Palombo*

*Group v Poughkeepsie City Sch. Dist.*, 125 AD3d at 621, quoting *Fernandez v Price*, 63 AD3d 672, 675 [2009]).

Contrary to the Supreme Court's determination, the plaintiffs were not obligated to indemnify the defendant for all liabilities known to them at the time of closing, regardless of whether or not they were set forth on the books and records of the company. "[I]n the absence of a legal duty to indemnify, a contract for indemnification should be strictly construed to avoid imputing any duties which the parties did not intend to assume" (*2632 Realty Dev. Corp. v 299 Main St., LLC*, 94 AD3d 743, 745-746 [2012]). Here, the plain language of the share purchase agreement established that the plaintiffs were obligated to indemnify only losses resulting from known liabilities "not set forth on the books and records" of the company.

Nevertheless, upon our review of the record, we find that the Supreme Court's determination that the defendant was entitled to withhold the sum of $300,000 was warranted by the facts. Despite the plaintiffs' conclusory assertions to the contrary, the evidence adduced at trial demonstrated that the three potential tax liabilities were known to the plaintiffs at the time of closing, and, at best, were only hinted at in the company's books and records. The evidence also demonstrated that the defendant provided written notice to the extent required under the agreement.

Accordingly, the Supreme Court properly entered judgment in favor of the plaintiffs and against the defendant in the sum of only $44,371.03. Chambers, J.P., Miller, Duffy and Connolly, JJ., concur.