Camuso v Brooklyn Portfolio, LLC (2018 NY Slip Op 05818)





Camuso v Brooklyn Portfolio, LLC


2018 NY Slip Op 05818


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-03448
 (Index Nos. 19269/13, 507818/13)

[*1]Henry F. Camuso, respondent, 
v
Brooklyn Portfolio, LLC, appellant, et al., defendants. (Action No. 1)
Brooklyn Portfolio, LLC, appellant,Regent Associates, et al., respondents. (Action No. 2)


Bressler, Amery & Ross, P.C., New York, NY (Michael D. Margulies and Robert Novak of counsel), for appellant.
Victor A. Worms, New York, NY, for Henry F. Camuso, respondent in Action Nos. 1 and 2.
Robert M. Kerrigan, Bronxville, NY, for Regent Associates and Arthur Gallinaro, respondents in Action No. 2.
Weinstein, Chase, Messinger & Peters, P.C., Brooklyn, NY (Irwin Weinstein of counsel), for Madeline Camuso, respondent in Action No. 2.



DECISION & ORDER
In two related actions, inter alia, for declaratory and injunctive relief, Brooklyn Portfolio, LLC, a defendant in Action No. 1 and the plaintiff in Action No. 2, appeals from an order of the Supreme Court, Kings County (Carolyn E. Demarest, J.), dated March 8, 2016. The order, insofar as appealed from, denied the motion of Brooklyn Portfolio, LLC, for summary judgment on its first and second causes of action in Action No. 2 and dismissing the complaint in Action No. 1 insofar as asserted against it, and granted the cross motion of the plaintiff in Action No. 1 for summary judgment on his cause of action for a declaratory judgment in his favor.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the contract of sale is null and void and unenforceable.
In January 1988, Henry Camuso and Arthur Gallinaro, along with two other individuals, executed a written agreement of limited partnership (hereinafter the partnership agreement) and formed Regent Associates (hereinafter Regent). Henry Camuso and Gallinaro were both made general and limited partners of Regent. The purpose of Regent was to acquire title to nine specified properties (hereinafter collectively the property), and to develop, rent, sell and otherwise dispose of the property. After Henry Camuso and Gallinaro purchased the other two partners' ownership interests, Henry Camuso and Gallinaro each had a 50% ownership interest in Regent. In 1997, Henry Camuso and his wife, Madeline Camuso, executed a stipulation in connection with an action for a divorce and ancillary relief that Madeline Camuso had commenced against Henry [*2]Camuso. In that stipulation, which was incorporated but not merged into the judgment of divorce, Henry Camuso and Madeline Camuso agreed that Henry Camuso's interest in the property owned by Regent would be "equally divided" such that Gallinaro would have a 50% ownership interest, Henry Camuso would have a 25% ownership interest, and Madeline Camuso would have a 25% ownership interest. On April 9, 2012, Gallinaro commenced an action against Henry Camuso, Madeline Camuso, and Regent seeking the judicial dissolution of Regent. In connection with that action, Gallinaro and Madeline Camuso executed a stipulation dated June 10, 2013 (hereinafter the dissolution stipulation), which stated that Gallinaro had a 50% ownership interest in Regent, that Madeline Camuso had a 25% ownership interest, and that Gallinaro had received an offer from a third-party to purchase the property from Regent. In the dissolution stipulation, Gallinaro and Madeline Camuso agreed to accept the offer to purchase the property "immediately upon execution of [the] Stipulation and Order by the Court." On August 12, 2013, Gallinaro, acting as a general partner on behalf of Regent, entered into a contract (hereinafter the contract of sale) with Brooklyn Portfolio, LLC (hereinafter Brooklyn Portfolio), to sell Regent's entire interest in the property to Brooklyn Portfolio for the sum of $5,900,000.
Thereafter, on or about October 31, 2013, Henry Camuso commenced an action (hereinafter Action No. 1) against Brooklyn Portfolio, Gallinaro, Madeline Camuso, and Regent, asserting, inter alia, a cause of action for a judgment declaring that the contract of sale was null and void and unenforceable. Brooklyn Portfolio commenced a separate action (hereinafter Action No. 2) against Regent, Gallinaro, Madeline Camuso, and Henry Camuso, in which it sought, inter alia, a judgment declaring that the contract of sale was validly executed and duly authorized, and was binding on Regent, and also sought specific performance of the contract of sale. The actions were joined for trial.
In an order dated June 9, 2014, the Supreme Court held, inter alia, that Madeline Camuso was a 25% general and limited partner of Regent.
Thereafter, Brooklyn Portfolio moved for summary judgment on its causes of action in Action No. 2 seeking a declaration and specific performance, and dismissing the complaint in Action No. 1 insofar as asserted against it. Henry Camuso cross-moved for summary judgment on his cause of action in Action No. 1 seeking a declaration. In support, Henry Camuso argued that, under the partnership agreement and Partnership Law § 20(3)(C), Gallinaro needed unanimous consent from all of the partners in order to enter into the contract of sale, and that Gallinaro did not obtain Henry Camuso's consent. In an order dated March 8, 2016, the Supreme Court, inter alia, denied Brooklyn Portfolio's motion for summary judgment, and granted Henry Camuso's cross motion for summary judgment. Brooklyn Portfolio appeals.
"The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent" (Greenfield v Philles Records, 98 NY2d 562, 569). "The best evidence of what parties to a written agreement intend is what they say in their writing" (Slamow v Del Col, 79 NY2d 1016, 1018). A partnership agreement, like a contract, "should be read as a whole, and every part will be interpreted with reference to the whole'" (Beal Sav. Bank v Sommer, 8 NY3d 318, 324, quoting Matter of Westmoreland Coal Co. v Entech, Inc., 100 NY2d 352, 358). " [T]he construction arrived at should give fair meaning to all of the language employed by the parties, to reach a practical interpretation of the parties' expressions so that their reasonable expectations will be realized'" (Yarom v Poliform S.P.A., 153 AD3d 760, 761, quoting Palombo Group v Poughkeepsie City Sch. Dist., 125 AD3d 620, 621).
The partnership agreement vested the general partners with the power and authority to manage Regent by majority rule, including the sale of the property, but with certain exceptions. One of those exceptions was that the general partners could not dissolve Regent without the consent of all of the general partners. We also agree with the Supreme Court that, under the terms of the partnership agreement and the contract of sale, consummation of the sale to Brooklyn Portfolio would, in itself, effect the dissolution of Regent. Upon dissolution of Regent, only liquidation and termination remained. Because Gallinaro failed to obtain unanimous consent for the sale of the property to Brooklyn Portfolio, the contract of sale was null and void.
Accordingly, we agree with the Supreme Court's determination that Henry Camuso was entitled to summary judgment on his cause of action in Action No. 1 for a judgment declaring [*3]that the contract of sale was null and void and unenforceable. For the same reasons, we agree with the court's determination denying Brooklyn Portfolio's motion for summary judgment dismissing the complaint in Action No. 1 insofar as asserted against it and on its causes of action in Action No. 2 for a judgment declaring that the contract of sale was validly executed, duly authorized, and a binding obligation on Regent, and seeking specific performance of the contract of sale.
Gallinaro's and Regent's remaining contention is improperly raised for the first time on appeal, and, in any event, need not be reached in light of our determination.
Since these are, in part, declaratory judgment actions, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the contract of sale is null and void and unenforceable (see Lanza v Wagner, 11 NY2d 317, 334).
BALKIN, J.P., CHAMBERS, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court