Atlantic Shores Bldrs. & Devs., Inc. v Federico (2019 NY Slip Op 05950)





Atlantic Shores Bldrs. & Devs., Inc. v Federico


2019 NY Slip Op 05950


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
HECTOR D. LASALLE
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-08987
 (Index No. 6146/12)

[*1]Atlantic Shores Builders & Developers, Inc., respondent,
v
Theresa Federico, appellant.


Darrin H. Berger, Huntington, NY, for appellant.
Kushnick Pallaci PLLC, Bohemia, NY (Vincent T. Pallaci and Adam S. Cohen of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated July 19, 2016. The judgment, insofar as appealed from, after a nonjury trial, awarded the plaintiff specific performance of a contract.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
" In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses'" (Quadrozzi v Estate of Quadrozzi, 99 AD3d 688, 691, quoting BRK Props., Inc. v Wagner Ziv Plumbing & Heating Corp., 89 AD3d 883, 884; see Yarom v Poliform S.P.A., 153 AD3d 760, 761). " The construction and interpretation of an unambiguous written contract is an issue of law within the province of the court, as is the inquiry of whether the writing is ambiguous in the first instance. If the language is free from ambiguity, its meaning may be determined as a matter of law on the basis of the writing alone without resort to extrinsic evidence'" (Palombo Group v Poughkeepsie City Sch. Dist., 125 AD3d 620, 621, quoting Law Offs. of J. Stewart Moore, P.C. v Trent, 124 AD3d 603, 603 [citations omitted]; see Yarom v Poliform S.P.A., 153 AD3d at 761). Accordingly, "[w]hen the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties' reasonable expectations" (Patsis v Nicolia, 120 AD3d 1326, 1327).
Here, we agree with the Supreme Court's determination after trial that the contract at issue was unambiguous and required the defendant to transfer density flow rights to the plaintiff. Accordingly, we agree with the award of specific performance of the contract in favor of the plaintiff.
LEVENTHAL, J.P., LASALLE, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court