Matter of Board of Mgrs. of Half Moon Bay Mar. Condominium v Board of Directors of Half Moon Bay Homeowners Assn., Inc. (2020 NY Slip Op 05204)





Matter of Board of Mgrs. of Half Moon Bay Mar. Condominium v Board of Directors of Half Moon Bay Homeowners Assn., Inc.


2020 NY Slip Op 05204


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
PAUL WOOTEN, JJ.


2018-09538
 (Index No. 70568/17)

[*1]In the Matter of Board of Managers of Half Moon Bay Marina Condominium, et al., petitioners-respondents,
v
Board of Directors of Half Moon Bay Homeowners Association, Inc., appellant, et al., respondent.


Boyd Richards Parker & Colonnelli, P.L., New York, NY (Gary S. Ehrlich, David S. Kasdan, Matthew T. Clark, and Shapiro Gettinger Waldinger & Monteleone, LLP [Mona D. Shapiro and Steven E. Waldinger], of counsel), for appellant.
Kitson & Schuyler, P.C., Croton-on-Hudson, NY (Peter Schuyler and Roseann Schuyler of counsel), for petitioners-respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, the Board of Directors of Half Moon Bay Homeowners Association, Inc., appeals from a judgment of the Supreme Court, Westchester County (Sam D. Walker, J.), dated June 29, 2018. The judgment, insofar as appealed from, in effect, granted that branch of the petition which was to compel the Board of Directors of Half Moon Bay Homeowners Association, Inc., to allow the representatives of the petitioner Board of Managers of Half Moon Bay Marina Condominium who also serve as directors on the Board of Directors of Half Moon Bay Homeowners Association, Inc., the right to vote at its meetings concerning all matters involving the Half Moon Bay Homeowners Association, Inc.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The Half Moon Bay Homeowners Association, Inc. (hereinafter the HOA), was formed to "operate, manage and maintain" certain property, including "Community Facilities," located on a development known as Half Moon Bay, which is comprised of "three Residential Condominiums and . . . one (1) Marina Condominium" in the Village of Croton-on-Hudson. The administration of each condominium's affairs is governed by its own respective bylaws and managed by its own respective board of managers. The administration of the HOA's affairs is governed by its bylaws and managed by the respondent Board of Directors of Half Moon Bay Homeowners Association, Inc. (hereinafter the HOA Board). The petitioner Maria Elena DiBella is one of two members of the petitioner Board of Managers of Half Moon Bay Marina Condominium (hereinafter the Marina Board of Managers), who also serve as directors on the HOA Board. The HOA Board is comprised of an additional nine directors, each of whom are members of the board of managers of one of the three residential condominiums. The directors on the HOA Board are elected by their respective board of managers.
In December 2017, the petitioners commenced this proceeding pursuant to CPLR article 78, seeking, inter alia, to compel the HOA Board to "allow the Marina Directors the right to [*2]vote . . . concerning all HOA matters." According to the petitioners, an HOA Board meeting was held in September 2017, at which the HOA Board "announced that going forward, the Marina Directors would simply not be able to vote on certain topics." The HOA Board and the respondent Board of Managers of Discovery Cove at Half Moon Bay Condominium opposed the petition, arguing, inter alia, that pursuant to the HOA's bylaws, namely, Article IX, Section 2, the Marina directors serving on the HOA Board were limited to voting "only on Marina issues and issues affecting the HOA as a whole, but not residential issues."
In a judgment dated June 29, 2018, the Supreme Court rejected the HOA Board's interpretation of its bylaws as "split[ting]" the HOA Board "into factions that vote and operate separately," noting that "the HOA Board has always operated to the contrary." The court emphasized that under the HOA's bylaws, each director on the HOA Board was entitled to cast one vote on behalf of the condominium he or she represents, that each director counted toward establishing a quorum at HOA Board meetings, and that the "the Bylaws do not distinguish between Residential or Marina Directors." Thus, the court, inter alia, in effect, granted that branch of the petition which was to compel the HOA Board to allow the Marina directors the right to vote at HOA Board meetings on all matters involving the HOA. The HOA Board appeals.
The bylaws governing the HOA Board are a contract, and a "'contract is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself'" (Keller v Kay, 170 AD3d 978, 980, quoting Maldonado v DiBre, 140 AD3d 1501, 1506; see Weiss v Bretton Woods Condominium II, 151 AD3d 905, 906). "'The construction and interpretation of an unambiguous written contract is an issue of law within the province of the court, as is the inquiry of whether the writing is ambiguous in the first instance. If the language is free from ambiguity, its meaning may be determined as a matter of law on the basis of the writing alone without resort to extrinsic evidence'" (Palombo Group v Poughkeepsie City Sch. Dist., 125 AD3d 620, 621, quoting Law Offs. of J. Stewart Moore, P.C. v Trent, 124 AD3d 603, 603). "Where a contract is ambiguous," however, "extrinsic evidence may be considered to determine the parties' intent" (Fattorusso v RJR Mech., Inc., 131 AD3d 1098, 1100; see Demetrio v Stewart Tit. Ins. Co., 124 AD3d 824, 825-826). "'When interpreting a contract, the construction arrived at should give fair meaning to all of the language employed by the parties, to reach a practical interpretation of the parties' expressions so that their reasonable expectations will be realized'" (Palombo Group v Poughkeepsie City Sch. Dist., 125 AD3d at 621, quoting Fernandez v Price, 63 AD3d 672, 675).
Here, Article IX, Section 2 of the HOA's bylaws provides, among other things, that "Residential Board Members shall make all decisions regarding the operation of the Residential Community Facilities," that the "Marina Board Members shall make all decisions regarding the operation and maintenance of the Marina Community Facilities," and that the HOA Board "shall make all decisions regarding the maintenance and operation of the Collective Community Facilities." The aforementioned capitalized terms are undefined in the HOA's bylaws and appear only in Article IX, Section 2. Contrary to the HOA Board's contention, in the absence of precise definitions, the subject provision does not unambiguously reflect an intent to limit the voting rights of the directors on the HOA Board concerning matters before it based upon which condominium he or she represents, although it is reasonable to read the provision the way the HOA Board does. An equally reasonable interpretation of the subject provision, as urged by the petitioners, is that it describes the limits on the duties and powers of the HOA Board as a whole concerning the operation of the property, to the extent that certain powers and duties are reserved for the members of the board of managers of the residential condominiums and the Marina condominium as set forth in their respective bylaws. Thus, the Supreme Court was permitted to consider extrinsic evidence as an aid in construction to resolve the ambiguity (see State of New York v Home Indem. Co., 66 NY2d 669, 671; Demetrio v Stewart Tit. Ins. Co., 124 AD3d at 825-826).
The record evidence, which includes the bylaws for the Marina condominium and the bylaws for one of the three residential condominiums, conclusively demonstrates that the petitioners' construction of the subject provision was the only fair interpretation. The evidence further establishes, inter alia, that the HOA Board's practice had been to allow its directors an unrestricted right to vote on all matters before it. Contrary to the HOA Board's contention, to the extent that the [*3]Supreme Court considered an affidavit submitted by the petitioners with their reply papers, it was not error since the affidavit was submitted in direct response to arguments raised in the HOA Board's answer to the petition (see JPMorgan Chase Bank, N.A. v Corrado, 162 AD3d 994, 996; Ramales v Pecker Iron Workers of Westchester, Inc., 114 AD3d 920, 921). Accordingly, we agree with the court's determination, in effect, to grant that branch of the petition which was to compel the HOA Board to allow the Marina directors the right to vote at HOA Board meetings on all matters involving the HOA.
The parties' remaining contentions are without merit.
DILLON, J.P., BALKIN, COHEN and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court