Canyon Sterling Emerald, LLC v 4 S Dev., LLC (2023 NY Slip Op 00299)

Canyon Sterling Emerald, LLC v 4 S Dev., LLC

2023 NY Slip Op 00299

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-03348
 (Index No. 514687/18)

[*1]Canyon Sterling Emerald, LLC, respondent,
v
4 S Development, LLC, appellant.

Klein Slowik, PLLC (Law Offices of Marvin B. Mitzner, LLC, New York, NY [Mikhail Y. Sheynker], of counsel), for appellant.
Akerman, LLP, New York, NY (Steven M. Cordero of counsel), for respondent.

DECISION & ORDER
In an action for declaratory relief, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Francois A. Rivera, J.), dated February 11, 2020. The order and judgment, upon an oral decision of the same court rendered November 12, 2019, denied the defendant's motion for summary judgment on its counterclaim, granted the plaintiff's cross motion for summary judgment on the complaint and dismissing the defendant's counterclaim, dismissed the defendant's counterclaim, and declared that the defendant is not entitled to a price adjustment under the parties' purchase sale agreement dated October 1, 2015.
ORDERED that the order and judgment is affirmed, with costs.
On or about October 1, 2015, the plaintiff entered into a purchase sale agreement (hereinafter the PSA) with the defendant, pursuant to which the plaintiff, as the buyer, agreed to purchase and the defendant, as the seller, agreed to sell certain real property located in Brooklyn (hereinafter the property). At that time, the property was zoned as residential zoning district R4, which, pursuant to a then applicable zoning resolution (NY City Zoning Resolution art 2, ch 3, former § 23-141) carried a maximum floor area ratio (hereinafter FAR) of 0.75. The purchase price, which is governed by section 2 of the PSA, consisted of a "minimum price" and a "beneficial zoning code price adjustment amount, if and as applicable." The parties' formula for determining the price adjustment amount was tied to the plaintiff's success in obtaining a higher residential zoning district reclassification with a FAR of at least 3.44, and referenced Zoning Resolution former § 23-145, which at that time, set forth the maximum FAR for new developments in several residential zoning districts. A table, which references Zoning Resolution former § 23-145 and is included in the price adjustment provision, provides that a FAR equal to or higher than 3.44 but lower than 4.0 entitles the defendant to a price adjustment of $680,000. Subsequently, the parties amended the PSA twice. The amendments, however, did not affect the price adjustment provision, which remained in effect unchanged.
As contemplated by the PSA, the plaintiff applied for a zoning district reclassification. In addition, the plaintiff requested that the property site be designated a mandatory inclusionary housing (hereinafter MIH) area, which, if approved, would result in additional FAR upward adjustments. In the meantime, on or about March 22, 2016, as part of amendments to its zoning resolutions, the City of New York, inter alia, implemented the MIH program through Zoning Resolution § 23-154. Prior to March 22, 2016, the City's inclusionary housing program had been a voluntary program and governed by Zoning Resolution § 23-952. Eventually, the plaintiff's [*2]application for a zoning district reclassification was approved and 75% of the property was rezoned to a R6A zoning district and the remaining 25% of the property was rezoned to a R7A zoning district. In addition, the rezoned property site was designated a MIH area. It is undisputed that under Zoning Resolution § 23-154(d)(2) developments within a MIH designated area were allowed a maximum FAR of 3.6 in a R6A zoning district and 4.6 in a R7A zoning district, while under Zoning Resolution former § 23-145 the maximum FAR was 3.0 in a R6A zoning district and 4.0 in a R7A zoning district.
On or about June 25, 2018, the parties entered into an escrow agreement, as they disagreed as to whether the total FAR for the property was above 3.44, which would entitle the defendant to a price adjustment under the PSA, and agreed to litigate that issue in court.
The plaintiff subsequently commenced the instant action for a judgment, inter alia, declaring that the defendant is not entitled to a price adjustment under the PSA. The defendant joined issue and asserted a counterclaim for a judgment, among other things, declaring that it is entitled to a price adjustment under the PSA and to the monies held in escrow pursuant to the parties' escrow agreement.
The defendant moved for summary judgment on its counterclaim for a judgment, inter alia, declaring that it is entitled to a price adjustment under the PSA and to the monies held in escrow pursuant to the parties' escrow agreement. The plaintiff cross-moved for summary judgment on the complaint and dismissing the defendant's counterclaim. In an order and judgment dated February 11, 2020, the Supreme Court denied the defendant's motion, granted the plaintiff's cross motion, dismissed the defendant's counterclaim, and declared that the defendant is not entitled to a price adjustment under the parties' PSA. The defendant appeals.
New York has a "strong public policy favoring freedom of contract" (Centi v McGillin, 34 NY3d 1072, 1073, citing 159 MP Corp. Redbridge Bedford, LLC, 33 NY3d 353, 359-361). The "'fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent[,]' and '[t]he best evidence of what parties to a written agreement intend is what they say in their writing'" (Donohue v Cuomo, 38 NY3d 1, 12, quoting Greenfield v Philles Records, 98 NY2d 562, 569). "'The construction and interpretation of an unambiguous written contract is an issue of law within the province of the court, as is the inquiry of whether the writing is ambiguous in the first instance. If the language is free from ambiguity, its meaning may be determined as a matter of law on the basis of the writing alone without resort to extrinsic evidence'" (Palombo Group v Poughkeepsie City Sch. Dist., 125 AD3d 620, 621, quoting Law Offs. of J. Stewart Moore, P.C. v Trent, 124 AD3d 603, 603). "A contract is unambiguous if the language it uses has a definite and precise meaning, unattended by danger of misconception in the purport of the agreement itself, and concerning which there is no reasonable basis for a difference of opinion" (Greenfield v Philles Records, 98 NY2d at 569 [alterations and internal quotation marks omitted]; see Donohue v Cuomo, 38 NY3d at 13). In the context of real property transactions and "'[w]here a contract was negotiated between sophisticated, counseled business people negotiating at arm's length, courts should be especially reluctant to interpret an agreement as impliedly stating something which the parties' specifically did not include" (Donohue v Cuomo, 38 NY3d at 12, quoting 2138747 Ontario, Inc. v Samsung C & T Corp., 31 NY3d 372, 381; see South Rd. Assoc., LLC v International Bus. Machs. Corp., 4 NY3d 272, 277).
Here, the Supreme Court properly denied the defendant's motion for summary judgment on its counterclaim, granted the plaintiff's cross motion for summary judgment on the complaint and dismissing the defendant's counterclaim, dismissed the defendant's counterclaim, and declared that the defendant is not entitled to a price adjustment under the parties' PSA. The plaintiff established, prima facie, that the parties' intent to allow for a price adjustment to the extent the plaintiff obtained a zoning district reclassification higher than R4 with the greatest FAR attainable pursuant to Zoning Resolution former § 23-145 is readily discernible from the four corners of the PSA. Moreover, it is undisputed that the 3.0 total FAR resulting from the zoning district reclassification—as calculated pursuant to Zoning Resolution § 77-22, which the parties agree provides the formula for calculating the total FAR where, as here, various zoning districts are involved—is less than the 3.44 FAR threshold the parties agreed on for the price adjustment. In opposition, the defendant failed to raise a triable issue of fact. The defendant's interpretation of the PSA as requiring that the additional FAR upward adjustments the plaintiff obtained due to the MIH [*3]designation, for a total of 3.85, be considered in the calculation of the price adjustment under the PSA ignores the well established principle of freedom of contract and, in effect, improperly rewrites the parties' PSA (cf. Greenwich Capital Fin. Prods., Inc. v Negrin, 74 AD3d 413, 415). The defendant's contention that the PSA is ambiguous was waived (see Matter of Metlife Auto & Home v Pennella, 10 AD3d 726) or is improperly raised for the first time on appeal (see Emigrant Bank v Marando, 143 AD3d 856, 857).
The parties' remaining contentions either are without merit or need not be considered in light of our determination.
Accordingly, we affirm the order and judgment.
RIVERA, J.P., MALTESE, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court