Matter of Atta v 450 W. 31st Owners Corp. (2025 NY Slip Op 04042)

Matter of Atta v 450 W. 31st Owners Corp.

2025 NY Slip Op 04042

Decided on July 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 03, 2025

Before: Moulton, J.P., González, Scarpulla, Higgitt, Michael, JJ. 

Index No. 651890/23|Appeal No. 4075|Case No. 2024-00263|

[*1]In the Matter of Karen Atta et al., Petitioners-Appellants,
v
450 West 31st Owners Corp., et al., Respondents-Respondents.

Saul Ewing LLP, New York (Peter B. Zlotnick of counsel), for Karen Atta and Atta Inc., appellants.
Morrison Cohen LLP, New York (David E. Ross of counsel), for AAC Realty LLC and Jeffrey Greene, appellants.
Adam Leitman Bailey, P.C., New York (Jeffrey R. Metz of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Robert R. Reed, J.), entered on or about December 21, 2023, which, to the extent appealed from as limited by the briefs, granted respondents' motion to dismiss the amended petition seeking, among other things, to declare the house rules enacted by respondents on or about March 17, 2023 null and void, and dismissed this hybrid proceeding brought pursuant to CPLR articles 30 and 78, unanimously modified, on the law, to deny the motion as to the first, third, and ninth claims and as to the fourth, fifth, and sixth claims to the extent brought by petitioners Karen Atta and Atta, Inc. (together, Atta) challenging the house rule relating to parking spaces allegedly forming part of Atta's demised premises, and to reinstate those claims, and otherwise affirmed, without costs.
The second amendment to the offering plan clearly assigns a portion of the parking lot to Atta as part of unit 1B. The original offering plan does not specifically prohibit on-site parking but instead advises potential buyers of the risk that there are no available parking spots. A practical interpretation of the second amendment may support Atta's allegation that it had the reasonable expectation of entitlement to use its parking lot area, part of its demised premises, for parking (see Matter of Board of Mgrs. of Half Moon Bay Mar. Condominium v Board of Directors of Half Moon Bay Homeowners Assn., Inc., 186 AD3d 1679, 1681 [2d Dept 2020]). Therefore, dismissal of the claims for a judgment declaring Atta's rights to the demised premises and an injunction prohibiting interference with its possession thereof was improper.
Dismissal of the claims seeking to void new house rules and enjoin their enforcement was proper, except to the extent that Atta challenges house rule 21. While generally respondents board and its members are shielded by the business judgment rule (see Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 538 [1990]), the amended petition sufficiently alleged bad faith in that house rule 21, purporting to prohibit all parking or standing on the property, "deliberately singles out individuals for harmful treatment" (Valyrakis v 346 W. 48th St. Hous. Dev. Fund Corp., 161 AD3d 404, 407 [1st Dept 2018] [internal quotation marks omitted]). In particular, Atta adequately pleads that its unit is the only one that includes a parking area in its demised premises, that the board president allegedly sought to challenge Atta's possessory interest in the parking area, and that house rule 21 necessarily affects only one shareholder tenant.
The other house rules being challenged, both by Atta and by the photography studio petitioners, AAC Realty LLC, are protected by the business judgment rule. They are authorized by 2011 amendments to the proprietary lease, regulate all shareholder tenants' use of the freight elevator in the 12-story building, do not expressly require additional freight elevator trips to [*2]occur outside of regular business hours so long as there is availability, and provide generally applicable fines for violations of the house rules and proprietary lease (see generally Matter of Levandusky, 75 NY2d at 538; Pearlbinder v Board of Mgrs. of 411 E. 53rd St. Condominium, 65 AD3d 985, 989 [1st Dept 2009]; Valyrakis, 161 AD3d at 407).
The claim for breach of the covenant of quiet enjoyment was properly dismissed because petitioners do not allege actual eviction and "[t]he tenant . . . must abandon possession in order to claim that there was a constructive eviction" (Barash v Pennsylvania Term. Real Estate Corp., 26 NY2d 77, 83 [1970]; see also Orlitsky v 33 Greenwich Owners Corp., 236 AD3d 408, 410 [1st Dept 2025]).
Atta's claim of adverse possession of its demised portion of the parking lot, pleaded in the alternative, was properly dismissed, as "the relation of landlord and tenant has existed" and Atta's tenancy has not expired, so the 10-year proscriptive period has not commenced (RPAPL 531).
Atta's prescriptive easement claim, related to its open and notorious crossing of the parking lot area not included in its unit 1B, necessarily fails because there was no "actual invasion of or infringement upon the owner's rights" or exclusion of the owner "from using the disputed" area (Ciminello Prop. Assoc. v New 970 Colgate Ave. Corp., 214 AD3d 447, 447 [1st Dept 2023] [internal quotation marks omitted]; see also Altair 18 Condominium v 42 W. 18th St. Realty Corp., 190 AD3d 448, 448 [1st Dept 2021]). Atta's use was permissive.
However, Atta's claim asserting easement by necessity should not have been dismissed, because Atta alleged, and the governing documents support, "that there was a unity and subsequent separation of title" of the entire parking lot and "that at the time of severance an easement over [the servient estate's] property was absolutely necessary" (Simone v Heidelberg, 9 NY3d 177, 182 [2007] [internal quotation marks omitted]). The pleading alleges that Atta's portion is landlocked, with no way for shipments to reach the street except over the building's portion of the parking lot (see FZ Realty, LLC v BH Shipping, LLC, 228 AD3d 735, 737 [2d Dept 2024]).
Supreme Court properly denied petitioners leave to further amend, as they did not move for leave to amend and annex an amended pleading to any such motion (see CPLR 3025[b]).
We have considered the remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 3, 2025