Wagschal v Ecconergy (2025 NY Slip Op 04595)

Wagschal v Ecconergy

2025 NY Slip Op 04595

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
LILLIAN WAN
PHILLIP HOM, JJ.

2020-06965
2021-03641
 (Index No. 35229/17)

[*1]Lazer Wagschal, appellant, 
v
Ecconergy, doing business as Gateway Energy Services Corp., et al., respondents.

The Brown Law Firm (Herzfeld & Rubin, P.C., New York, NY [Linda M. Brown], of counsel), for appellant.
Fishkin Lucks LLP, New York, NY (Steven M. Lucks and McDowell Hetherington LLP [Michael D. Matthews, Jr.], of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated July 3, 2019, and (2) an order of the same court dated August 12, 2020. The order dated July 3, 2019, denied the plaintiff's motion pursuant to CPLR 3025(b) for leave to amend the complaint to add a cause of action alleging tortious interference with contract. The order dated August 12, 2020, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for breach of contract and denied the plaintiff's cross-motion for summary judgment on that cause of action.
ORDERED that the order dated July 3, 2019, is affirmed; and it is further,
ORDERED that the order dated August 12, 2020, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
In 1997, the plaintiff began working for the defendant Ecconergy, doing business as Gateway Energy Services Corp. (hereinafter Gateway), an energy service company. In 2005, the plaintiff and Gateway entered into a contract entitled "Independent Sales Consultant Agreement" (hereinafter the ISCA). The ISCA provided, inter alia, that the plaintiff was an independent contractor and defined the method for calculating the plaintiff's commissions from sales. In March 2011, Gateway became a wholly-owned subsidiary of the defendant Direct Energy Services, LLC (hereinafter Direct Energy). That same month, the plaintiff and Gateway entered into a contract entitled "Settlement Agreement and General Release" (hereinafter the settlement agreement) regarding, among other things, outstanding commissions owed to the plaintiff up to the date of the settlement agreement. The settlement agreement defined the plaintiff as an at-will employee and stated that in the event of a conflict between the settlement agreement and the ISCA, the settlement agreement controlled. In October 2011, the plaintiff was notified that he would be laid off on January 20, 2012. In January 2012, the plaintiff entered into a contract with Gateway entitled [*2]"Severance Agreement and General Release" (hereinafter the severance agreement), which stated that the plaintiff's employment with Gateway would terminate on January 20, 2012. The severance agreement provided, inter alia, that Gateway would pay the plaintiff $18,860 in exchange for the plaintiff's voluntary waiver of "any and all Claims . . . against [Gateway and its successors]." The severance agreement further provided that the plaintiff "[was] not entitled to any other salary, wages, overtime pay, or any other compensation of any kind," except as set forth in the severance agreement.
In October 2017, the plaintiff commenced this action against Gateway and Direct Energy, among other things, to recover damages for breach of contract. The plaintiff alleged that the defendants stopped paying him for sales commissions in June 2012. Thereafter, in January 2019, the plaintiff moved pursuant to CPLR 3025(b) for leave to amend the complaint to add a cause of action alleging tortious interference with contract. In an order dated July 3, 2019, the Supreme Court denied the motion.
Following the completion of discovery, the defendants moved, inter alia, for summary judgment dismissing the cause of action to recover damages for breach of contract, and the plaintiff cross-moved for summary judgment on that cause of action. In an order dated August 12, 2020, the Supreme Court, among other things, granted that branch of the defendants' motion and denied the plaintiff's cross-motion. The plaintiff appeals from the orders dated July 3, 2019, and August 12, 2020.
The Supreme Court properly denied the plaintiff's motion pursuant to CPLR 3025(b) for leave to amend the complaint to add a cause of action alleging tortious interference with contract. "Although leave to amend should be freely given in the absence of prejudice or surprise to the opposing party, the motion should be denied where the proposed amendment is palpably insufficient or patently devoid of merit" (Precious Care Mgt., LLC v Monsey Care, LLC, 221 AD3d 922, 924 [internal quotation marks omitted]; see Nossov v Hunter Mtn., 185 AD3d 948, 949). A cause of action alleging tortious interference with contract is subject to a three-year statute of limitations, which begins to accrue on the date damages are sustained (see CPLR 214[4]; Sapienza v Notaro, 172 AD3d 1418, 1420). Here, the plaintiff's proposed cause of action alleging tortious interference with contract began to accrue, at the latest, in June 2012. The plaintiff failed to establish that the doctrine of equitable estoppel applied to toll the statute of limitations (see Jacobson Dev. Group, LLC v Yews, Inc., 174 AD3d 868, 870). Thus, the proposed amendment is barred by the statute of limitations (see Nossov v Hunter Mtn., 185 AD3d at 949).
Moreover, the Supreme Court also properly granted that branch of the defendants' motion which was to dismiss the cause of action to recover damages for breach of contract and denied the plaintiff's cross-motion for summary judgment on that cause of action. The "'fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent[,]' and '[t]he best evidence of what parties to a written agreement intend is what they say in their writing'" (Donohue v Cuomo, 38 NY3d 1, 12, quoting Greenfield v Philles Records, 98 NY2d 562, 569). "'The construction and interpretation of an unambiguous written contract is an issue of law within the province of the court, as is the inquiry of whether the writing is ambiguous in the first instance. If the language is free from ambiguity, its meaning may be determined as a matter of law on the basis of the writing alone without resort to extrinsic evidence'" (Palombo Group v Poughkeepsie City Sch. Dist., 125 AD3d 620, 621, quoting Law Offs. of J. Stewart More, P.C. v Trent, 124 AD3d 603, 603). "A contract is unambiguous if the language it uses has a definite and precise meaning, unattended by danger of misconception in the purport of the agreement itself, and concerning which there is no reasonable basis for a difference of opinion" (Greenfield v Philles Records, Inc., 98 NY2d at 569 [alteration and internal quotation marks omitted]; see Donohue v Cuomo, 38 NY3d at 13). "Ambiguity in a contract arises when the contract, read as a whole, fails to disclose its purpose and the parties' intent, or where its terms are subject to more than one reasonable interpretation" (Universal Am. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 25 NY3d 675, 680 [citation and internal quotation marks omitted]). "'[W]here a contract was negotiated between sophisticated, counseled business people negotiating at arm's length, courts should be especially reluctant to interpret an agreement as impliedly stating something which the parties specifically did not include" (Donohue v Cuomo, 38 NY3d at 12, quoting 2138747 [*3]Ontario, Inc. v Samsung C & T Corp., 31 NY3d 372, 381).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for breach of contract by submitting, inter alia, a copy of the severance agreement. Paragraph 8 of the severance agreement entitled "Cancellation of All Prior Employment Agreements Other Than Confidentiality and Non-Solicitation Agreements, and Prior Releases" provided that the plaintiff "agree[d] that any and all promises, contracts, offer letters and/or employment agreements . . . of any kind or nature between him or her and [Gateway] [were] hereby extinguished, null and void, and that [the severance agreement] is the sole agreement respecting any obligations of [Gateway] to [the plaintiff]." Thus, the severance agreement unambiguously provided that the plaintiff waived any claims against the defendants and cancelled all previous contracts between the parties. In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions are without merit.
CHAMBERS, J.P., MILLER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court